ORA G. GILLIES, Appellant, Respondent, *v.* THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, Respondent, Appellant.

First Department, July 14, 1922.

Insurance — accident insurance — policy issued in 1908 and continued by payment of annual premiums — insured enlisted in army, was commissioned as officer in field service, and was killed in action — warranty in application that insured was in advertising business not breached by enlistment — defendant's classification at date of issuance of policy which made army officers in field service non-insurable is applicable — defendant not liable.

A warranty in an accident insurance policy, which was issued in 1908, to the effect that the insured was engaged in the advertising business is not breached by his subsequent enlistment in the army for service in the World War, where he was not asked by the company to make any further statement as to his occupation and where it appears also that he did not give up the advertising business during his service in the army.

The classification in force in 1908, under which it was provided that an army officer in field service was not insurable, is applicable where the policy was issued in 1908 and was continued by the payment of annual premiums thereafter, and the defendant is not liable on said policy where it appears that the insured enlisted in the army, was thereafter commissioned a captain, and was killed in action.

CROSS-APPEALS by the plaintiff, Ora G. Gillies, and by the defendant, The Preferred Accident Insurance Company of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of July, 1921, upon the decision of the court rendered after a trial before the court without a jury at the New York Trial Term.

*Ware, Kaplan & Kosman* [*Morris Streusand* of counsel; *Harold R. Medina* with him on the brief], for the plaintiff.

*Harry A. Talbot* [*William Rand* of counsel; *Murray D. Welch* with him on the brief], for the defendant.

GREENBAUM, J.:

The facts are practically conceded. The action arises out of an accident insurance policy issued by the defendant in which the plaintiff is the beneficiary. On October 4, 1901, the defendant, in consideration of the payment to it by one Walter E. Gillam of the sum of twenty-five dollars, issued to him its policy of insurance known as No. 24,104, which thereafter was renewed from year to year up to October 4, 1908, by the payment of annual premiums. On October 4, 1908, in consideration of a premium of twenty-five dollars to it paid, the defendant issued a new policy of insurance

**682** Gillies *v.* Preferred Accident Ins. Co. of New York.

First Department, July, 1922. [Vol. 202

to Gillam known as No. 719,682 which was continued thereafter in force from year to year up to October 4, 1918, by the payment of successive annual premiums of twenty-five dollars.

The assured Gillam, when the United States entered into the World War, voluntarily enlisted in the army of the United States for the duration of the war. He was commissioned as an officer in the army of the United States on August 15, 1917, and went to France in the performance of military duty. He attained the rank of captain, and on September 4, 1918, while leading his company into action against the public enemy was killed by an enemy shell.

When the 1908 policy was issued the assured warranted that his occupation was that of advertising and that the duties of his occupation were soliciting and office work. The schedule of warranties was never changed by the defendant or the assured and when the last premium of twenty-five dollars was paid on October 4, 1917, the defendant had no knowledge of Gillam's enlistment. The first notice which defendant had of Gillam's entry into war service happened to be upon the day after his unfortunate death.

Under the written stipulation between the parties it was agreed among other things as follows:

1. That if the death of the assured was not the result of bodily injury effected solely by accidental means, judgment shall be rendered for the defendant.

2. That if the classification of risks of 1908 applies and the clause thereof ranking an army officer in field service as not insurable also applies, judgment shall be for the defendant.

3. That if the classification of 1908 applies and the clause thereof ranking an army officer in field service as a non-insurable risk does not apply, but the next most hazardous classification applies, the plaintiff is entitled to judgment for $1,875.

4. That if the classification in force in 1917 applies, the plaintiff is entitled to judgment for $375.

5. That if section "1" of the policy sued on in this case does not apply, judgment shall be rendered for the plaintiff for $7,500 with interest from September 4, 1918.

The learned trial justice found *inter alia* the following facts which are material to this appeal: That the policy in question insured Gillam against disability or death as herein defined resulting "directly, independently and exclusively of any and all other causes from bodily injury effected solely through accidental means;" that the insured "enlisted for the duration of the war only and intended to continue in his former business, which was a partner-

ship, and from which he had never withdrawn; " that when the assured paid his premium on October 4, 1917, for the renewal of the policy to October 4, 1918, " the defendant was not notified in any way by the insured, the beneficiary or any other person that the insured was then a soldier in field service or an army officer in field service; " that the " insured was a soldier and army officer in field service prior to the time that the contract of insurance for the year from October 4, 1917, to October 4, 1918, was entered into;" that " when the insured became a soldier in the United States Army this was a voluntary act;" that " timely notice and proof of the death of said Gillam was received by the defendant;" that " the classification of risks adopted by the officers of the defendant and in force and effect on October 4, 1908, appears in defendant's classification manual and is marked as Defendant's Exhibit A;" that " according to the defendant's manual in force in 1908 and to Section 'i' of policy No. 719,682 an army officer in field service was not insurable."

Upon the foregoing facts we may determine what the contract between the deceased and the defendant was and whether the defendant was under any liability to the beneficiary named in the policy by reason of the manner of the death of the assured.

Defendant's contentions are as follows: (1) " That the death of the assured did not result ' directly, independently and exclusively of any and all other causes, from bodily injury effected solely through accidental means;'" (2) " That the assured was guilty of a breach of warranty and hence the plaintiff is not entitled to recover anything;" (3) " That the classification manual in force in 1917 and not that of 1908 (if either) should be applied;" (4) " That under the manual of 1908 the assured should be classed as a non-insurable risk and not in the next most hazardous classification."

We are of opinion that the assured was not guilty of any breach of the warranty. While a duty may have devolved upon him to have advised the defendant of his act of entry into the war, it cannot be contended that his omission or failure to do so was a breach of any warranty. The warranty which the defendant claims the assured breached was his statement when the policy of 1908 was issued that he was engaged in the advertising business. That statement was absolutely true when made. He was not thereafter asked by the defendant to make any further statement as to his occupation and as heretofore shown he had not given up his interest in the advertising business.

The crucial question in this case is whether it was within the contemplation of the assured and the insurer that the policy in

question was to cover the death of the assured under the circumstances here appearing. There is no difference between the parties that the assured was bound by the classification manual which was applicable to his policy. The defendant contends that the classification manual in force in 1917 and not that of 1908 applies. We are, however, of the opinion that the classification manual applicable to the policy was that of 1908. It is not to be presumed in the absence of any language to the contrary in the policy or in the renewal receipts that it was intended to bind the insured by the classification manual made subsequent to the agreement between the parties. But the classification manual in force in 1908 was that an army officer in field service " was not insurable."

Reading the company's manual into the policy, as both sides recognize would be entirely proper, we must assume that the parties to the contract of insurance understood that the assured if he became an army officer in field service was not insurable and that any injury resulting while engaged in such field service was not within the contemplation of the parties.

It is our opinion that the judgment should be reversed and the complaint dismissed.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Judgment reversed and complaint dismissed. Settle order on notice.