ORA G. GILLIES, Appellant, Respondent, *v.* THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, Respondent, Appellant.

First Department, December 1, 1922.

Insurance — accident insurance — insured killed in war while acting as army officer in field service — army officer in field service not insurable — insured entered army after insurance taken out — policy provided that entering hazardous employment did not forfeit policy but liability of company would not exceed such proportion of indemnity as premiums paid would purchase at hazardous rate — rate for army officer in field service fixed by schedule — recovery allowed for amount which premiums paid would purchase in said hazardous employment.

In an action on an accident insurance policy it appeared that the policy was issued to the insured at a time when he was employed in a non-hazardous business; that an army officer in field service was not insurable by the defendant; that the insured entered the army as an officer after he had taken out the policy and was killed in field service; that the policy contained a provision that in case a policyholder should change his occupation to a more hazardous one than that stated in the policy, such change would not forfeit the policy but the company's liability thereafter should not exceed such proportion of the principal sum or other indemnity under the policy as the premium paid would purchase

at the rate fixed by the company for such increased hazard in accordance with the classification of risks and rates, and that under said classification the limits of the risk of the company applicable to an army officer in field service were stated.

*Held,* that under defendant's classification of the occupation of an army officer in field service as an extra hazardous risk, the plaintiff was entitled to recover the amount of insurance which the premiums paid would purchase under the schedule for the extra hazardous employment.

REARGUMENT of cross-appeals by the plaintiff, Ora G. Gillies, and by the defendant, The Preferred Accident Insurance Company of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of July, 1921, upon the decision of the court rendered after a trial before the court without a jury at the New York Trial Term.

The motion for reargument was made by the plaintiff.

*William Rand,* for the appellant.

*Kaplan, Kosman & Streusand [Morris Streusand* of counsel], for the respondent.

GREENBAUM, J.:

This is a motion made on behalf of the plaintiff for an order granting a reargument of an appeal heretofore taken by the defendant or in the alternative for an order permitting the plaintiff to appeal to the Court of Appeals.

A reargument was granted with leave to the parties to submit exchanged briefs. The case was tried at a Trial Term without a jury. The learned trial court made findings and entered a decision granting a judgment in favor of the plaintiff for the sum of $1,875 with interest. Upon the appeal to this court the judgment was reversed (202 App. Div. 681). The reversal was based largely upon what we assumed was the effect of a certain stipulation in writing signed by the respective attorneys and particularly that port on thereof which provides in substance that if the classification of risks of 1908 applies and the clause thereof ranking an army officer in field service as not insurable also applies, judgment shall be for the defendant.

We took it for granted that this stipulation meant what it seemingly stated. Our attention had not been called to the fact that the stipulation, although on its face an absolute one, was in fact limited or conditioned by stipulation in open court to a concession of the facts therein set forth for the purpose of mathematical computation and nothing else. It is somewhat difficult to understand just what the parties intended by the stipulation.

Upon the reargument our attention for the first time was called to the fact that the learned trial justice had made the following 24th finding of fact and the 17th conclusion of law, *as proposed by the defendant:*

" 24. According to the defendant's manual in force in 1908 and to Section i of Policy No. 719682 an army officer in field service was not insurable, and in the event the insured, after the payment of the annual premium and while the policy was in force for that year, was injured while engaged as a soldier or army officer in field service he was then classed as an extra hazardous risk."

" XVII. Under defendant's classification of the occupation of an army officer in field service as an extra-hazardous risk, the plaintiff is entitled to recover the sum of $1875.00."

It seems to us that defendant is bound by these findings and that the judgment must be affirmed. The findings were evidently based upon provisions of the defendant's manual which read as follows: " The Preferred Accident Insurance Company of New York insures only such persons as are, by reason of their occupation and duties, designated as ' Preferred ' risks by this company. Should, however, a policy-holder of the Preferred Accident Insurance Company of New York change his occupation or duties to a more hazardous one than that stated in the policy, or if he shall sustain either fatal or non-fatal injury while doing any act or thing pertaining to such more hazardous occupation, insurance is not forfeited, but the company's liability shall not exceed such proportion of the principal sum or other indemnity under the policy as the premium paid by him will purchase at the rate fixed by the company for such increased hazard in accordance with this classification of risks and rates.   *   *   * "

This is followed by a tabulation of premium rates paid under the preferred classification; a classification of occupations, and the limits of the risk of the company applicable to the several occupations therein enumerated. Among these enumerated limits are the following: " Army officer in field service (not insurable) HX Ex. Peril. [meaning extra perilous] $500." " Army officer, war service (not insurable) HX Ex. Peril. $500."

The undisputed fact thus is that notwithstanding the assured was at the time of his death engaged in a changed occupation, which was " not insurable," *i. e.,* an occupation for which the defendant would not have issued a policy, it nevertheless was liable under the terms of the policy issued to a certain limited extent, the amount in this particular case being stipulated by the parties as $1,875, if the manual of classification in force in 1908 applies to the policy in suit.

We were and are of the opinion that the manual in force in 1908 does apply.

It may also be stated that the defendant company after the death of the assured recognized its obligation to pay to his representatives the sum of $375 upon the theory of a changed extrahazardous risk, based upon the amount payable under the manual in effect in 1917, and accordingly sent plaintiff a check for $375, which was not accepted.

It follows that the motion for reargument should be granted and the judgment appealed from affirmed, with costs.

CLARKE, P. J., DOWLING, PAGE and FINCH, JJ., concur.

Motion for reargument granted and judgment affirmed, with costs.