# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

## STATE OF NEW YORK

ELIZABETH A. FITZGERALD, Appellant, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Fourth Department, December 23, 1925.

**Railroads — action for injuries suffered in crossing accident — verdict for $3,204 for plaintiff was set aside by trial court unless plaintiff should stipulate to reduce verdict to $2,000 — action of court was erroneous.**

It was error for the trial court to set aside a verdict in favor of the plaintiff for $3,204 in an action to recover damages for injuries suffered by the plaintiff in a railroad crossing accident unless the plaintiff should stipulate to reduce the verdict to $2,000, for the evidence clearly establishes that the verdict by the jury was not excessive nor the result of passion, prejudice or partiality.

APPEAL by the plaintiff, Elizabeth A. Fitzgerald, from an order of the Supreme Court, made at the Onondaga Trial Term and entered in the office of the clerk of the county of Onondaga on the 29th day of December, 1924, setting aside the verdict of a jury in favor of the plaintiff for $3,204, unless the plaintiff shall stipulate to reduce said verdict to $2,000.

*Costello, Cooney & Fearon* [*George R. Fearon* of counsel], for the appellant.

*Williams & Cowie* [*Daniel Scanlon* of counsel], for the respondent.

PER CURIAM. In an action for damages for personal injuries resulting from negligence, this plaintiff recovered a jury verdict of $3,204. The justice presiding at the trial granted a new trial, unless plaintiff should stipulate that the verdict be reduced to $2,000. Plaintiff has appealed.

As a basis for the verdict as rendered, the jury could have found that on May 8, 1924, the defendant's train struck an automobile

in which plaintiff was riding, carried it 180 feet down the railroad track, then threw it upon an adjoining track; that plaintiff was dragged this distance beyond the crossing and lay under the broken parts of the automobile when picked up; that she was bleeding from cuts on her face; her clothes were torn; she was rendered unconscious; that her legs and arms were bruised, her face black and blue and she had two cuts on her face; that a large swelling was upon her head and neck, which remained about two weeks; that plaintiff was in the hospital until May thirty-first; that she lost much sleep and suffered from shock and nervousness; that she also had a severe pain at the base of her spine for four or five weeks, which, at the time of the trial (in December, 1924) was recurring at intervals; that she also had pain elsewhere in her body and suffered headaches during periods of two or three days at a time right up to the time of the trial; that before the accident plaintiff had slept well and had no headaches; that from her normal weight of 130 pounds she went down to 105 pounds; that at the time of the accident plaintiff had been earning thirty-five dollars a week as a trained nurse; prior to the trial she twice returned to work and attempted to work on cases at the Memorial Hospital, but was unable to do so successfully because of pain in her chest when she attempted to lift a patient.

There was also evidence upon which to base a finding of an actual money loss of some $1,800, made up of doctors', hospital and nurse's bills, cost of X-ray pictures and loss of earnings.

The power of the court to set aside verdicts as insufficient or excessive is salutary, and if the verdict of the jury is unjust it is the duty of the trial court to exercise such power. An appellate court should not interfere with the exercise of discretion by the trial court in reducing a verdict unless it clearly appears that the authority vested in the trial court has been erroneously exercised. At the same time the function of the jury must be kept constantly in mind. Jury verdicts should stand unless evidently based upon or influenced by passion, prejudice, partiality or corruption.

The record before us does not divulge good grounds for reducing the verdict. There is nothing indicating irregularity, bias, unfairness or inadequate consideration of the testimony. The jury's conclusion as to the compensation due plaintiff should stand.

The order appealed from should be reversed upon the facts, with costs, and the verdict and judgment reinstated.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Order reversed on the facts and verdict reinstated, with costs.