CAROLINE W. FRANKLIN, Respondent, *v.* ROBERT P. MARSH, Appellant.

Fourth Department, November 9, 1926.

Motor vehicles — action by guest to recover for injuries suffered when automobile collided with defendant's automobile at road intersection — defendant's automobile was coming from right — accident occurred at night — both automobiles were traveling at reasonable speed but horn on automobile in which plaintiff was riding was not sounded — error to set aside verdict in favor of defendant — whether or not defendant should have handled his automobile differently under General Highway Traffic Law, § 12, subd. 4, was question for jury — burden on plaintiff to show at least concurrent negligence in defendant — burden was not met.

In an action to recover damages for injuries suffered by plaintiff when an automobile in which he was riding collided with an automobile driven by the defendant at a street intersection in the night time, it was error for the court to set aside the verdict in favor of the defendant on the ground that it was contrary to the weight of the evidence, for it appears that both automobiles were proceeding at a reasonable rate of speed with their headlights lighted; that the driver of the plaintiff's automobile did not sound his horn and that after the defendant was nearly across the intersection the driver of the automobile in which plaintiff was riding attempted to pass in front of the defendant.

Whether or not subdivision 4 of section 12 of the General Highway Traffic Law required the defendant to handle the automobile differently was a question for the jury, and the burden of proof was on the plaintiff to show at least concurring negligence in the defendant which was proximately responsible for the collision, and this burden was not necessarily met by testimony showing the location and details of the collision.

The verdict was not so unreasonable as to permit the trial court in the exercise of its discretion to set it aside as contrary to the weight of the evidence.

APPEAL by the defendant, Robert P. Marsh, from an order of the Supreme Court, made at the Monroe Trial Term and entered in the office of the clerk of the county of Monroe on the 1st day of December, 1925, vacating and setting aside the verdict of the jury in favor of the defendant and granting the plaintiff a new trial.

*Robert H. Woody* [*Arthur Vd. Chamberlain* of counsel], for the appellant.

*Lynn Brothers* [*William F. Lynn* of counsel], for the respondent.

PER CURIAM. Plaintiff, respondent, was a passenger in her son's automobile, which was proceeding easterly on Blossom road, Rochester, at eight-thirty P. M., July 26, 1924. It was dark. Appellant was driving an automobile southerly on Winton road. The cars collided at the intersection and respondent was injured. In an action for damages the jury found a verdict of no cause of action. The learned justice presiding at the trial set aside the verdict upon the ground that it was contrary to the weight of the evidence.

The verdict of no cause of action had for its support testimony that it was dark; that the headlights on both automobiles were lighted; that appellant heard no horn blown, and that the driver of the other automobile stated after the accident that he did not blow his horn; that after appellant was about two-thirds of the way across the intersection of the two roads, the other automobile made sort of a curve around in front of appellant, whose automobile struck the left rear wheel of the other car; that neither automobile was being driven at an excessive rate of speed.

The situation was not like that presented in *Shirley* v. *Larkin Co.* (239 N. Y. 94), relied on by respondent. It differed in that this jury was not required to find that the appellant knew, or should have known, of the approach of the other automobile from his right at a time and under such circumstances that appellant was bound to have avoided the collision by slowing down or stopping his automobile. Whether or not subdivision 4 of section 12 of the General Highway Traffic Law required appellant to handle his automobile otherwise than he did was a jury question. (*Ward* v. *Clark,* 232 N. Y. 195.) The burden of proof was on respondent to show at least concurring negligence in appellant which was proximately responsible for the collision. This burden was not necessarily met by the testimony showing the locus and the details of the collision and the preceding and subsequent details, including in that testimony the remarkable statement of the driver with whom respondent was riding that when he was just

starting across Winton road appellant's automobile was 150 feet away.

The verdict was not so unreasonable as to permit the learned trial court, in the exercise of its discretion, to set the verdict aside. " Jury verdicts should stand unless evidently based upon or influenced by passion, prejudice, partiality or corruption," or where " there is nothing indicating irregularity, bias, unfairness or inadequate consideration of the testimony." (*Fitzgerald* v. *New York Central R. R. Co.*, 215 App. Div. 1.)

The order should be reversed on the law and facts, with costs, and the verdict reinstated.

All concur. Present — Hubbs, P. J., Clark, Sears, Crouch and Taylor, JJ.

. Order reversed on the law and facts, with costs, and verdict reinstated, with costs.