UTILITY ELECTRIC CO., INC., Respondent, v. FRANK WILSON, Individually and as President of Local Union No. 3 of the International Brotherhood of Electrical Workers, and Others, Appellants.— Judgment unanimously affirmed, with costs. The questions of substantive law argued by the defendants, appellants, may not be considered on this record. The defendants are bound by the judgment in view of the findings and conclusions which the trial court made at their request, particularly proposed conclusion of law 1, which the court found and which states that the plaintiff's rights have been invaded by the acts of the defendants and each of them and that if such acts are not restrained the plaintiff will suffer financial loss. (Gillies v. Preferred Accident Ins. Co., 203 App. Div. 588, 590; Bennett v. Eastchester Gas Light Co., 54 id. 74; Weigley v. Kneeland, 60 id. 614; Frascone v. Louderback, 153 id. 199; affd., 208 N. Y. 631.) Present — Lazansky, P. J., Rich, Hagarty, Carswell and Scudder, JJ.

RUTH WARNER, Plaintiff, v. JOE ISGOR, Defendant.— On agreed statement of facts, judgment of specific performance unanimously directed for defendant, without costs. The title is marketable. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

FRANK WEISS, Appellant, v. JOHN FARSON, JR., Defendant, and RODNEY FARSON, Respondent.— Order setting aside the verdict of the jury in favor of the plaintiff for $18,279 unless the plaintiff shall stipulate to reduce said verdict to $12,279, reversed upon the law and the facts, with costs, verdict reinstated and judgment directed to be entered thereon, with costs. While this court is reluctant to interfere with the exercise of discretion by the trial court in reducing the verdict (Fitzgerald v. New York Central R. R. Co., 215 App. Div. 1), we are of opinion that there was sufficient evidence from which the jury might find that plaintiff's epilepsy resulted from the accident and that the verdict under the circumstances is not excessive. Lazansky, P. J., Rich, Hagarty, Carswell and Tompkins, JJ., concur.

HARRY WEISS and ETHEL BURGER, Appellants, v. THE BEACH TWENTY-SIXTH STREET CORPORATION, Respondent, and THE PEOPLE OF THE STATE OF NEW YORK, Defendant.— Order reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to the extent of allowing the amended answer to stand; plaintiffs to serve their reply thereto within two days, and the case retain its place on the June calendar and be set down for trial for June 26, 1930. In our opinion, it is quite obvious that this answer was interposed solely for delay and in order to prevent the trial of this action before the October term. Lazansky, P. J., Rich, Young, Scudder and Tompkins, JJ., concur.