name after original appointment remains upon the eligible list for such time as the commission (not less than one nor more than four years) shall decree, once the man be transferred, all subsequent eligibility to transfer or appointment shall be lost.

The commission challenges the relator's right to remain upon the list at all, not upon any question of time, but upon the sole ground that he was rightfully removed therefrom because of his original appointment. I can find no authority for this proposition in the law or arguments suggested by the commission.

The material facts in this case upon which this opinion is founded appear to be conceded; and a peremptory writ of mandamus may issue, directing the defendants to approve the transfer of John L. Webb, the relator, from the position of stenographer in the County Court, Queens county, to the position of stenographer in the Supreme Court, Second Judicial District outside of Kings county, and directing the issuance of a certificate approving such transfer.

Ordered accordingly.

---

REYNOLDS v. SENECA FALLS MFG. CO.

(Supreme Court, Appellate Division, Fourth Department.    March 16, 1910.)

1. MASTER AND SERVANT (§ 89*)—INJURIES TO SERVANT—NEGLIGENCE OF DEFENDANT—DANGEROUS PASSAGE.

In an action by a servant for personal injuries from being squeezed between a door and the frame of an elevator while crossing an elevator shaft covered by trapdoors, where it was so generally used by the employés as a passageway as to become known to the officers and superintendent of defendant, though an adequate passage had been provided, defendant was chargeable with negligence, having acquiesced in the general use of the trapdoors by its employés.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 153–156;   Dec. Dig. § 89.*]

2. MASTER AND SERVANT (§ 121*)—INJURIES TO SERVANT—NEGLIGENCE OF DEFENDANT.

In an action by a servant for personal injuries from being squeezed between a door and the frame of an elevator while crossing an elevator shaft covered by trapdoors, evidence that no warning signals were given of the approach of the elevator at any time, that no barriers, guard, or door to exclude people from using the trapdoors as a passageway were provided, and that elevators of similar construction were equipped with warning signals to give notice to employés of its approach, was sufficient to support a finding that defendant failed in its duty to plaintiff in permitting him to use this space as a passageway while performing his work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 228–231;   Dec. Dig. § 121.*]

3. MASTER AND SERVANT (§ 289*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

In an action by a servant for personal injuries from being squeezed between a door and the frame of an elevator while crossing an elevator shaft covered by trapdoors, where as he started to cross he stopped and listened, but did not hear the approach of the elevator, and stepped upon the trapdoors, and though the elevator cables vibrated in lifting the elevator, it was not sufficient to attract his attention, or he did not notice it

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the dim light, the failure to observe the cable was not sufficient to charge him with contributory negligence as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

4. MASTER AND SERVANT (§§ 288, 289*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK—QUESTION FOR JURY—STATUTES—CONSTRUCTION.

Under Employer's Liability Act (Laws 1902, c. 600) § 3, providing that the question whether the employé understood and assumed the risk of such injury, or was guilty of contributory negligence by remaining at work with knowledge of the risk of the injury, shall be one of fact, even where the evidence is undisputed, either upon the question of assumption of risk, or that of contributory negligence, the case must be submitted to the jury.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. §§ 288, 289.*]

5. MASTER AND SERVANT (§§ 288, 289*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK—QUESTION FOR JURY—COMMON LAW.

In an action by a servant for personal injuries from being squeezed between a door and the frame of an elevator while crossing an elevator shaft covered by trapdoors, where, as he started to cross, he stopped and listened, but did not hear the approach of the elevator, and he stepped upon the trapdoors, and the cables which operated the elevator vibrated in drawing up the elevator, but it was not sufficient to attract his attention, or he did not notice it on account of the dim light, the questions of contributory negligence and assumption of risk were for the jury, and would have been even at common law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1132; Dec. Dig. §§ 288, 289.*]

Appeal from Trial Term, Seneca County.

Action by Edward Reynolds against the Seneca Falls Manufacturing Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Oliver D. Burden, for appellant.
Maurice C. Spratt, for respondent.

SPRING, J. In January, 1908, the plaintiff was employed by the defendant in its manufacturing plant in the village of Seneca Falls, and in the morning of the 18th of that month, about 7:30, he was seriously injured in the course of his employment, and has commenced this action under the employer's liability act (chapter 600, Laws 1902), charging the defendant with negligence.

The defendant's factory was a three-story building, excluding the basement. There was a large room on the third floor, and it was in that room, or a smaller one, known as the "polishing room," in which the plaintiff had been employed for six or seven months. There was a freight elevator in the building, which the man operating it ran by a cable extending up about the center of the well. On the third floor there were two trapdoors, which were closed when the elevator was below them. As the elevator came up these trapdoors were lifted by it. At one time there had been a door on the third floor which closed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

when the elevator came down. This had not been in operation for a long time, and there was no guard or barrier in front of the open space, and no signals were given to advise one of the approach of the elevator. When these trapdoors were down, they had been used very frequently during all the time the plaintiff had been employed in the factory as a passageway from one end of the large room to the other; and those employed in the polishing room desiring to go to the other part of the large room, or returning therefrom, were quite apt to use these trapdoors for that purpose. This was done so generally that it was known by the officers and superintendent of the defendant. Even those in charge of the men were wont as a matter of convenience to pass over these doors. At the east of this elevator well there were doors provided for the employés to use; and it is the claim of the defendant that, having furnished an adequate place, it is not chargeable with negligence in this case because the plaintiff happened to use these trapdoors, instead of the proper place for him to go to and from his work. That would be so if the defendant had not acquiesced in the general and extensive use of these trapdoors by its employés.

The evidence is undisputed that no warning signals were given of the approach of this elevator at any time, and that no "barrier, guard, or door" to exclude people from using these doors as a passageway was provided. The evidence shows that elevators of similar construction used in manufacturing establishments for the carriage of freight are equipped with warning signals or devices for the purpose of giving notice to employés and other people of its approach, so that the jury might have found that it was entirely practicable either to shut off the use of this passageway by guards or barriers, or a door, or else, if it was to be used, to equip the appliance with some sort of a warning signal. I think, therefore, that there was abundant evidence from which the jury might have found that the defendant failed in its duty to the plaintiff, inasmuch as it permitted him to use this space as a passageway while in the performance of the work he was assigned to do in the plant.

A more serious question pertains to the plaintiff's freedom from contributory negligence. As already stated, he had been employed for six or seven months and had walked over these doors in common with others at work in the factory without molestation or hindrance. On the morning in question there was not much light in the factory. The elevator was not much used at that early hour. He testified that, as he started to cross the passageway, he stopped and listened, but did not hear the approach of the elevator. He stepped upon the trapdoors, and while the cable, which operated the elevator, was before him, and which made more or less vibration in drawing up the slow moving elevator, it was not sufficient to attract his attention, or, at least, he did not observe it in the dim light. I think his failure to observe this cable is not of itself sufficient to charge him with contributory negligence as matter of law. It is important to keep in mind that this action is under the employer's liability act, and, while he was charged with the duty of exercising "due diligence and care," yet by subdivision 3 of that act it is provided that whether he "understood and assumed the

risk of such injury, or was guilty of contributory negligence" by re-maining at work "with knowledge of the risk of the injury, shall be one of fact." The construction which seems to have been given to this section by the Court of Appeals is that, even if the evidence is undisputed either upon the question of assumption of risk, or that of contributory negligence, the case must be submitted to the jury. Clark v. N. Y. C. & H. R. R. R. Co., 191 N. Y. 416, 420, 84 N. E. 397.

It seems to me, irrespective of the strict rule which apparently the Court of Appeals seems inclined to adopt, there were facts and inferences in this case which, in any event, justify the submission of the case to the jury; and I think even at common law this would be so. Kirby v. Montgomery Bros. & Co., 197 N. Y. 27, 90 N. E. 52. As already stated, when the elevator reached the trapdoors, it lifted them, and the plaintiff was squeezed between the door and the frame of the elevator, and his right leg crushed and injured so that eventually it was amputated.

The nonsuit was improper, and the judgment should be reversed and a new trial granted.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.