(88 Misc. Rep. 555)

## LANDRIGAN v. BAKER SMITH & CO.

(Supreme Court, Appellate Term, First Department.    January 7, 1915.)

1. MASTER AND SERVANT (§ 106*)—INJURY TO SERVANT—"PLACE OF WORK."

A subcontractor, who directs his employés to use, while going to and from their work, an elevator owned and operated by the general contractor, thereby makes the elevator a "place of work" within the statute, and he must exercise reasonable care to see that the place is safe.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 193–198; Dec. Dig. § 106.*]

2. MASTER AND SERVANT (§§ 101, 102*)—INJURY TO SERVANT—PLACE TO WORK.

The rule that a subcontractor, directing his employés to use an elevator operated and owned by a presumably responsible general contractor, has exercised by the rule the degree of care imposed by law, does not apply where other circumstances reasonably showed the subcontractor the need of inspection of the elevator, nor where the defects were so obvious that he had actual notice that the general contractor had not performed his duty.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178–184, 192; Dec. Dig. §§ 101, 102.*]

3. MASTER AND SERVANT (§§ 141, 193*)—INJURY TO SERVANT—LIABILITY.

A subcontractor for the plumbing and steamfitting work in a large modern building in process of construction, who directs his employés to use an elevator operated by the general contractor for the benefit of all subcontractors, need not establish rules for the operation of the elevator, to escape liability for injuries to an employé, nor is he liable for the negligence of the operator in the employ of the general contractor.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 283, 480–485; Dec. Dig. §§ 141, 193 *]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Arthur L. Landrigan against Baker Smith & Co. From a judgment of the Municipal Court for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Alfred W. Andrews, of New York City, for appellant.

Harry Robitzek, of New York City, for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for injuries which he sustained while riding on an elevator used in the construction of the Biltmore Hotel, and owned and operated by the Fuller Construction Company, which is not a party to this action.

[1] The plaintiff at the time of the accident was employed by the defendant on the sixteenth floor of the building, and the action against the defendant is based upon the view that, though the elevator was owned and operated by other parties, it was used by the defendant for the purpose of transporting its employés to and from their actual work, and that therefore it was a "place of work," within the meaning of the Labor Law (Consol. Laws, c. 31), and that the employer con-

sequently was required to exercise care in seeing that it was safe. I think that there is sufficient evidence to hold that the defendant directed the plaintiff to use this elevator, and the rule is well established that the place provided by an employer for employés in going to and from their work is a "place of work" within the meaning of the statute. It needs, however, no argument or citation that an employer is not an insurer that the place is safe. His duty is fulfilled if he has exercised reasonable care to see that the place is safe, and is responsible only for his negligence in this regard.

[2] It is urged by the appellant that, inasmuch as it furnished an elevator, used, owned, and operated by a presumably responsible general contractor, it has fully exercised the degree of care which the law imposed upon it. In the case of O'Doherty v. Postal Telegraph Co., 134 App. Div. 298, 118 N. Y. Supp. 871, the court stated that the employer is "not liable for the negligence of others not his servants, nor is he negligent in relying upon the performance of duty by reputable contractors." Under the facts of that case, I have no doubt that the statement of the general rule is correct; but a careful reading of the case shows that the court did not intend that this rule should be applied where other circumstances would reasonably have shown the employer the need of inspection, and I think that this rule also has no application where the employer furnishes the employé with a place to work where the defects were so obvious that the employer had actual notice that the reputable contractor had not performed his duty. In this case I am in some doubt whether the alleged defects could possibly be regarded as so obvious. However, at most, this could be a question of fact, and not only was no such question of fact submitted to the jury, but the trial justice was evidently of the opinion that there were no defects, obvious or otherwise, in the elevator, for he charged the jury at the defendant's request:

"If the accident was due to the absence of any guards, it was not our negligence, in view of the fact that we did not control the car."

And thereafter that:

"There is no evidence of any defect in the elevator, or any part thereof."

Under this charge, consequently, there was no question for the jury as to defendant's negligence in failing to see that the car was without guards or otherwise defective.

[3] It is somewhat difficult to determine upon what theory the learned trial justice did submit the case to the jury. He charged the jury only that:

"Before the plaintiff can recover he must satisfy you by a fair preponderance of evidence that the defendant was negligent, or that it was through the negligence of the operator of the car that he was injured."

But he nowhere in his charge defines the obligation of care under which the defendant rested. He did, however, refuse the following request to charge:

"I ask your honor to charge that any negligence of Dalldorf, the operator of the car, cannot be attributed to the defendant."

And that:

"In view of the fact that the testimony shows that the defendant did not own or operate the elevator, the defendant was not under any obligation to oversee or make any rule for the operation of the same."  ·

Both these requests to charge were, in my opinion, correct. It is certainly impossible to hold that a subcontractor doing plumbing and steamfitting work in a huge modern building operation, where he is obliged to use an elevator, operated by the general contractor for the benefit of all the subcontractors, is compelled to oversee and make rules for the operation of the elevator, for he has absolutely no power or authority to enforce such rules, or to interfere with the operation of the car. Moreover, any negligence on the part of the operator cannot be attributed to the defendant. It would appear that, even if the operator had been in his employ, he would not be liable for such negligence, for the employé would in that case be a fellow servant of the plaintiff. See Fouquet v. N. Y. C. R. R. Co., 53 Misc. Rep. 121, 103 N. Y. Supp. 1105. On no possible principle, therefore, can the negligence of the operator, if not in the defendant's employ, be attributed to it.

The defendant also urges that it should have been permitted to prove that the plaintiff has already received $300 from the Fuller Construction Company, and released that company without reservation of any right to pursue the defendant. The respondent concedes that such proof would be competent, but urges only that the only question actually excluded, which was intended to bring out some of these facts, was not in itself on its face material. This is technically true, and the defendant should have proceeded to make plain, either by other questions or by statement, the purport of the question excluded.

Judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.