JEAN M. WIGGINS, Respondent, v. FREDERICK LOESER & COMPANY, INC., Appellant.— Judgment unanimously affirmed, with costs, upon authority of *Wiggins* v. *Yvette Company* (*ante*, p. 806), decided herewith. Present — Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ.

FREDERICK W. HUBER, Respondent, v. FRANK ALBERTI, Appellant.— Application denied, with ten dollars costs. Defendant's remedy was by appeal from the judgment, on which appeal the intermediate order might be reviewed.

---

## FOURTH DEPARTMENT, JUNE, 1925.

SIDNEY E. COLBOURN, Appellant, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

*Railroads — injury to employee — order setting aside verdict for $10,000 unless plaintiff stipulated to reduce verdict to $5,000 affirmed.*

Appeal from an order of the Supreme Court, made at the Onondaga Trial Term and entered in the Onondaga county clerk's office on February 7, 1925, setting aside the verdict of the jury for $10,000 in a personal injury action on the ground that the damages were excessive, unless the plaintiff stipulate to reduce the amount to $5,000.

PER CURIAM: The learned trial justice granted defendant's motion for a new trial on the ground that the verdict is excessive. The record discloses that the plaintiff received a serious injury. Giving full effect to plaintiff's proof, the verdict might be said to be warranted. The trial justice, however, saw and heard the witnesses including the plaintiff himself and we feel under the circumstances of this case disinclined to interfere with the discretion with which the trial justice is vested. (*Boos* v. *Field*, 192 App. Div. 696.) Order affirmed, with costs. All concur. Present — Hubbs, P. J., Clark, Davis, Sears and Crouch, JJ.