MORRIS BIRENBAUM and Others, Copartners, Trading as BIRENBAUM BROS. & SACK, Appellants, *v.* H. O. ROGERS SILVER COMPANY, Respondent.

Second Department, January 8, 1926.

**Sales — action by purchaser — order setting aside verdict in favor of plaintiffs and granting new trial affirmed.**

An order setting aside a verdict in favor of the plaintiffs and granting a new trial, in an action by purchasers to recover damages for breach of contract, is affirmed, since it appears that the trial justice was justified by the evidence in the case in setting aside the verdict.

APPEAL by the plaintiffs, Morris Birenbaum and others, from an order of the Supreme Court, made at the Kings Trial Term and entered in the office of the clerk of the county of Kings on the 21st day of March, 1925, setting aside a verdict in favor of the plaintiffs and granting a new trial.

*Henry Silverman* [*Irwin Weinstein* with him on the brief], for the appellants.

*Louis J. Elias* [*Abraham L. Lazarus* with him on the brief], for the respondent.

KELLY, P. J. We do not disagree with the decisions cited in appellants' points concerning the importance of the verdict of a jury, but on the record before us in this case we think we should not interfere with the order of the learned trial justice who saw and heard the witnesses. The trial justice is not simply a presiding officer; he has his responsibilities to the litigants as well as the jury. In the case at bar the learned justice doubtless was affected by the fact that the sole witness to the transactions called by plaintiffs was Solomon Sack, one of the plaintiffs. According to his testimony he was accompanied by a man referred to by him as an "independent broker," but who, the defendant says, introduced himself originally as a buyer for plaintiffs or as one of the concern. This gentleman, who plaintiff Sack says was a Mr. Jacobus, although defendant's treasurer says that was not his name, accompanied Mr. Sack throughout. He was not called as a witness by the plaintiffs, nor was any explanation given of their failure to call him. There is a flat contradiction between the story of the plaintiff Sack and the treasurer and sales agent and office manager of the defendant as to the occurrences at defendant's factory. Mr. Sack says he paid the $500 to defendant prior to inspecting the goods purchased.

Defendant says the money was paid after Mr. Sack and his companion had full opportunity to examine the material and that they did in fact make full examination. Defendant says plaintiffs apologized for not having the full amount of cash necessary for the purchase with them and asked defendant to ship the goods to New York city with a sight draft attached to the bill of lading. Defendant says Mr. Sack employed a truckman to take the goods from defendant's factory to the railroad station. Mr. Sack says he objected to the goods at defendant's factory, refused to take them and demanded the return of his check. Defendant's witnesses deny this statement. It would seem that plaintiffs should have called the independent broker (or their buyer) who was present at the transaction or accounted for his absence. And on a second trial possibly the defendant will produce the truckman with whom Mr. Sack is said to have dealt. The " interests of justice," to which appellants' counsel appeals in his points, seem to require an affirmance of the order of the learned trial justice.

The order setting aside the verdict as contrary to the evidence and granting new trial should be affirmed, with costs to abide the event.

Present — KELLY, P. J., RICH, JAYCOX, MANNING and YOUNG, JJ.

Order setting aside verdict as contrary to the evidence and granting a new trial unanimously affirmed, with costs to abide the event.