FRANCIS M. REED, as Administrator of the Estate of DAVID H. REED, Deceased, Plaintiff, *v.* JAMES C. DAVIS, Director General, etc., Defendant.

Supreme Court, Onondaga County, February 1, 1930.

*Andrews, Andrews & McBride* [*Paul S. Andrews* of counsel], for the plaintiff.

*Hiscock, Williams & Cowie* [*Daniel Scanlan* of counsel], for the defendant.

DOWLING, J. Plaintiff recovered a verdict against the defendant for $12,000. Defendant moves to set it aside on the following grounds, viz.:

" *First.* The verdict was clearly excessive.

" *Second.* There was material and substantial error in the submission of the question of ' Safe place to work,' to the Jury."

The master's duty to use ordinary care to furnish the servant with a reasonably safe place for his work is not restricted to the identical situs of the labor, but extends to the exercise of ordinary care to see that the means of egress and ingress and ways customarily used by the servant, in passing from one part of the premises

to another in the course of his employment, are reasonably safe. (39 C. J. § 468, p. 349; *Kirby* v. *Montgomery Bros. & Co.*, 197 N. Y. 27, 31; *Blanchard* v. *D., L. & W. R. R. Co.*, 211 id. 79, 84; *Kiras* v. *Nichols Chemical Co.*, 59 App. Div. 79, 81; *Patrick* v. *Atlas Knitting Co.*, 164 id. 753, 756; *Mizak* v. *Carborundum Co.*, 172 id. 627, 631.)

The place provided by an employer for employees in going to and from their work is a place of work. (*Landrigan* v. *Smith & Co.*, 88 Misc. 555, 556.) The tracks over which decedent was passing to the situs of his employment being a part of his place to work, it was the duty of the defendant to render that part of the decedent's place to work reasonably safe by promulgating and enforcing advisable, reasonable and workable rules for that purpose. Had the defendant promulgated and enforced such rules, the way would have been rendered reasonably safe and the defendant would have discharged its full duty to the decedent. The jury have found that an advisable, reasonable and workable rule, to make the way over which decedent was traveling reasonably safe, could and should have been promulgated and enforced by the defendant and that its failure so to do was a negligent act. Hence, it necessarily follows that the negligence of the defendant in failing to promulgate and enforce such a rule rendered the way over which decedent was proceeding to the situs of his work unsafe, and, therefore, the defendant was likewise negligent in failing to provide decedent with a reasonably safe place to work. The question of a safe place to work is so intimately identified and connected with the question of the promulgation and enforcement of advisable, reasonable and workable rules that they cannot be divorced and treated separately, as contended by the defendant. Eliminate the question of a safe place to work and instantly the question of rules fades from the picture. Each is dependent upon the other and negligence must be predicated upon both. If decedent's way of ingress had been reasonably safe without rules, the promulgation and enforcement thereof would have been unnecessary, and if reasonable and workable rules had been provided by the defendant and properly enforced, the said way would have been reasonably safe. It follows, therefore, that there was no error in submitting to the jury the question of " a safe place to work," as limited by the charge herein.

A more serious question in the case is as to whether or not the verdict, as rendered, is so excessive that it should be set aside. On the first trial herein plaintiff recovered $5,000. Defendant moved to set aside that verdict. Plaintiff did not join in the motion, but opposed it and the case went up on appeal. At that point in the

case plaintiff was satisfied with a recovery of $5,000. The evidence as to damages on the first trial was the same as on the instant trial, except that decedent's parents had survived the interval between the trials.

The decedent was making good wages and had a chance of advancement and of increased wages, coupled with a long prospect of life, but his occupation, at the best, was a hazardous one whenever he was obliged to use the tracks of the defendant in going to and from his work. Hence, he was often menaced with the possibility of death or serious injury.

The evidence is to the effect that for some years immediately prior to his death he had regularly contributed the sum of twenty to twenty-five dollars per month to his parents; that he had clothed his mother and an infant sister, the expenditure for which does not appear in the record; that in each of the months September, October and November, prior to his death, he had sent his parents $100 and in December, $290.

It is reasonable to assume that the cost of clothing decedent's mother and infant sister, living as they did, and still do, in a very primitive, backwoods town in the south, was not very high.

There is no reasonable basis in the evidence from which it can be determined, with any degree of certainty, that the increase in contributions made by the decedent just prior to his death, would have continued beyond the months in which they were made. It is just as reasonable to assume that they were advancements of the twenty dollars per month which he had habitually given to his parents. The evidence does afford a basis for the twenty to twenty-five dollars per month contribution and for expense of clothing mother and sister. Two hundred dollars a year for that purpose, under the circumstances, would be a generous allowance. That would bring his contributions to five hundred dollars a year.

He was earning the equivalent of $2,832 per annum at time of death. Five hundred dollars would be approximately seventeen and six-tenths per cent of his yearly wages. If he had lived and had been promoted to foreman he would have earned the equivalent of $3,348 per year. Seventeen and six-tenths per cent of this sum would be $589.25 or an increase in contribution of $89.25 per year.

Reed's mother was forty-eight at the time of his death, having an expectancy of twenty-two and [thirty-six one-hundredths years. The present value of an immediate annuity on one dollar at that age is $12.133. The annual contribution, approximately $600 times $12.133, equals $7,280. The purchasing power of the dollar at Reed's death was and still is considerably below normal. By increasing the amount to $9,000 the dollar would be fully stabilized.

Beyond this amount, the verdict has no basis of support in the evidence, and is clearly excessive.

Unless the plaintiff, within thirty days after the entry and service of a copy of the order to be entered herein procures authority to consent and stipulate, and does consent and stipulate, that the verdict be reduced to $9,000, the motion to set aside said verdict on the ground of being excessive is granted and a new trial is ordered, with costs to the defendant to abide event. Otherwise, the motion is denied, without costs.

Ordered accordingly.