MAUDE CRELLIN, Respondent-Appellant, v. BENJAMIN F. VAN DUZER, Appellant, and PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.— Judgment reversed on the law and a new trial granted, with costs to plaintiff to abide the event. Appeal from order entered December 8, 1944, dismissed as academic in view of the decision on the appeal from the judgment. Orders entered on November 29, 1944, and December 11, 1944, respectively, affirmed, with costs. Memorandum: Plaintiffs sued in negligence to recover damages for personal injuries which they sustained as the result of a collision between an automobile owned and operated by the plaintiff Ralph Crellin [see decision following] in which the plaintiff Maude Crellin was a passenger, with an automobile owned and operated by defendant Van Duzer alleged by the plaintiffs to have been operated at the time of the accident in the business of the defendant Prudential Insurance Company of America. At the close of plaintiffs' proofs the court granted the motion of the defendant insurance company for a nonsuit. The jury returned a verdict in favor of each of the plaintiffs against the individual defendant, which verdicts were subsequently, on plaintiffs' motion, set aside and new trials ordered on the ground that they were inadequate. In our opinion plaintiffs' proofs were sufficient to justify submission to the jury of the issues of the individual defendant's negligence and plaintiffs' freedom from contributory negligence. The verdicts were clearly inadequate. We are also of the opinion that plaintiffs' proofs were sufficient to take the cases to the jury as against defendant insurance company. (See *Burdo* v. *Metropolitan Life Insurance Co.,* 254 App. Div. 26, affd. 279 N. Y. 648; *Ulm* v. *Western Union Tel. Co.,* 282 N. Y. 645; *Cooke* v. *Drigant,* 289 N. Y. 313.) Although plaintiffs called the individual defendant and proved by him the nature and conditions of his employment by the defendant insurance company, they were not concluded by his testimony that at the time of the accident he was engaged upon an errand of his own. (*Becker et al.* v. *Koch,* 104 N. Y. 394, 401.) All concur, except Larkin and Love, JJ., who dissent only as to the reversal of the judgment and vote for affirmance of said judgment. (Two orders (1) grant plaintiffs' motion to set aside the verdict in

favor of plaintiff and against defendant Van Duzer as' inadequate and for a new trial and (2) deny motion of defendant Van Duzer for a directed verdict dismissing the complaint. The judgment dismisses the complaint as to defendant insurance company, with costs on motion of said defendant. The order denies plaintiffs' motion to set aside the judgment or to strike from the judgment the provision as to costs.) Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.