GEORGE COHEN, Doing Business under the Name of A. COHEN & SON TRUCKING, Respondent, *v.* CITY CANAL CORPORATION, Appellant.

*Per Curiam.* The only evidence introduced as to the value of the merchandise lost was that it was reasonably worth $4,577.49. The jury's verdict in the sum of $2,400 was obviously a compromise of liability or a compromise of the amount awarded plaintiff, which no hypothesis of the evidence could support. A judgment based on such compromise verdict cannot be sustained. (*Friend* v. *Morris D. Fishman, Inc.*, 302 N. Y. 389; *McDonald* v. *Walter*, 40 N. Y. 551; *Van Der Harst* v. *Koenig*, 249 App. Div. 235; *Delisky* v. *Leonard*, 189 App. Div. 623; *Ferguson* v. *Chuck*, 194 App. Div. 583.)

Moreover, we think, that in the circumstances of this case, the issue of contributory negligence was not sufficiently explained. As bearing upon the question of contributory negligence, the jury should be instructed that in the determination of this question they should consider whether in view of the claimed value of the missing goods plaintiff here owed a duty to defendant to notify it of the nature of the goods on the truck and the value thereof in order that defendant, when accepting the liability, might take the necessary precautions for safeguarding the merchandise.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Cohn, J. P., Callahan, Van Voorhis, Shientag and Foster, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.