Isidor E. Kligman, Respondent, *v.* City of New York, Appellant.

First Department, December 17, 1952.

*Samuel D. Johnson* of counsel (*Seymour B. Quel* with him on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for appellant.

*Joseph H. Sand* of counsel (*Samuel L. Sargent* and *Milton Berelson* with him on the brief; *Baer & Gallin,* attorneys), for respondent.

Cohn, J. Defendant appeals from a judgment in plaintiff's favor entered upon a jury's verdict in the sum of $5,000 after a trial, in an action brought to recover damages for personal injuries.

Upon this appeal defendant concedes liability, but urges that the verdict was excessive. Plaintiff received an injury to his right hand. He failed to prove any loss of earnings or other special damages.

After the jury had rendered its verdict, the Trial Justice stated that he felt the verdict was " very excessive ", but declined to set it aside adding (doubtless with best of intention) that he would leave it to the appellate court to reduce it if it so desired.

Where the verdict of a jury is contrary to the weight of the evidence, or where it is excessive or inadequate, the trial court is vested with the power and has the duty to set it aside and to order a new trial. (Civ. Prac. Act, § 549; 4 Carmody on New York Practice, § 1415; *Hogan* v. *Franken*, 221 App. Div. 164; *O'Keeffe* v. *O'Keeffe*, 208 App. Div. 750; *Zukas* v. *Lehigh Valley Coal Co.*, 187 App. Div. 315.)

A judge who presides at the trial has supervisory power over a jury's verdict. He is in the atmosphere of the trial; he sees the witnesses, hears their testimony, and in a personal injury action such as this he observes the nature and extent of the injuries claimed. Ordinarily, he is in a better position than is an appellate court to determine whether such a verdict is excessive. If in good conscience he believes that the quantum of the verdict is not sustained by the evidence he should have no hesitancy in setting it aside, and in a proper case, he may direct a new trial unless plaintiff stipulates to accept a lesser sum or where the verdict is inadequate unless defendant agrees to permit a recovery in a greater sum. With the proper exercise of such discretion, an appellate court will not interfere. (*Grossman* v. *Boisseau*, 104 N. Y. S. 2d 858, affd. 279 App. Div. 1051, BREITEL, J.; *Birenbaum* v. *Rogers Silver Co.*, 215 App. Div. 88; *Colbourn* v. *New York Central R. R. Co.*, 214 App. Div. 807; *Boos* v. *Field*, 192 App. Div. 696; *Reed* v. *Davis*, 141 Misc. 36, affd. 232 App. Div. 868.)

In this case, we think, that the verdict in favor of plaintiff was excessive. The judgment should be reversed and a new trial ordered unless plaintiff stipulates to accept the sum of $2,500.

PECK, P. J., DORE, VAN VOORHIS and BREITEL, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event, unless plaintiff stipulates to accept the sum of $2,500. Settle order on notice.