Taylor, J.
In an action for slander the jury has awarded plaintiff damages in the sum of $15,000. On the usual grounds, including excessiveness which is the' only one which merits consideration, the defendant moves to set aside the jury’s verdict.
The words which the jury has found the defendant uttered *545 were slanderous per se. (Walmsley v. Kopczynski, 202 App. Div. 104.) Compensatory damages are presumed to flow therefrom for injury to plaintiff’s reputation and feelings without other proof. (Abell v. Cornwall Ind. Corp., 241 N. Y. 327, 335; Frechette v. Special Magazines, 285 App. Div. 174, 178.) This verdict clearly implies that the jury has also awarded punitive damages upon a permissible finding that the defendant was actuated by malice toward the plaintiff.
In this type of action a jury is generally considered to be the supreme arbiter on the question of damages. (Lynch v. New York Times Co., 171 App. Div. 399; Frechette v. Special Magazines, supra.) However, where the damages awarded are grossly excessive and out of all proportion to the injury inflicted and the malice demonstrated, it becomes the duty of the trial judge to set aside the verdict either absolutely or conditionally. (O’Connor v. Papertsian, 284 App. Div. 245, affd. 309 N. Y. 465; Kligman v. City of New York, 281 App. Div. 93; Northrup v. Ferrucci, 276 App. Div. 820; Leombruno v. Julian, 264 App. Div. 981.) The point of interference presents the troublesome problem. It has been recently said that an ‘ ‘ informed professional judgment” based on the judge’s composite legal and judicial experience provides the appropriate criterion for the provident exercise of the vested discretion. (Mann v. Hunt, 283 App. Div. 140,141.)
Under the circumstances of this case the verdict exceeds to a degree which shocks the conscience of the court the bounds of reasonable compensation for the injury shown to have been inflicted and punishment for the wrong which the jury has found the defendant perpetrated.
The defendant’s motion for a new trial is granted unless the plaintiff stipulates within ten days after the service of the order to be entered hereon that the verdict be reduced to $7,000 in which event the motion is denied.
Submit order accordingly.