Harold Baer, J.
The defendant moved to set aside or reduce ■a jury verdict of $4,000 in favor of the plaintiff, following a trial for personal injuries. Decision was reserved.
The court does not agree that the verdict was against the weight of evidence. The factual issues, including the veracity of the plaintiff and his witness and the weight to be given to a statement signed by the plaintiff, were decided in plaintiff’s ■favor conclusively by the jury. The court charged the jury fully on the law and there were no objections to the charge. This is not a case where the jury verdict is contrary to the weight of the evidence but rather, a situation where the jury, after deliberation, decided the issues raised by the conflicting evidence, in plaintiff’s favor. To set aside such a verdict with respect to the issue of liability would be to inflict the court’s interpretation of the facts upon the jury and to vitiate the role of the jury.
The question of law raised by the defendant with respect to the variance between the complaint and the proof is decided in plaintiff’s favor. The variance was not so serious as to cause defendant a surprise. Defendant knew what plaintiff intended to prove and the granting of the motion to conform the pleadings to the proof was proper under the circumstances.
There remains only the question of the amount of the verdict. The only injury is a lumbo-sacral strain. There is no competent medical testimony of permanency or residual injury ■beyond February 1, 1954 when the hospital records show that plaintiff was “ fit for duty.” The plaintiff’s statement that his back hurt in bad weather was not confirmed by medical testi *61 mony. Plaintiff has worked since February 1, 1954. He had no expenses for hospitals, doctors or medicines. He received full basic maintenance from the defendant until he was fit for duty. His only loss was occasioned by his inability to sail with his ship from November 12 to December 7, 1953 and from January 15 to February 1,1954. This caused a loss of approximately 40 days work or about $400 in wages.
In the court’s opinion, the verdict is excessive. It is the duty of the trial court to set aside a verdict when the quantum of the verdict is not sustained by the evidence. A fair and reasonable recovery under the circumstances would be $2,500. The defendant’s motion to set aside the verdict is granted and a new trial is directed in Trial Term, Part III of this court on May 6, 1957 unless the plaintiff consents to reduction of the verdict to $2,500. Upon plaintiff stipulating to accept the reduced amount, judgment may be entered for $2,500, with costs. (Kligman v. City of New York, 281 App. Div. 93; Conkey v. New York Cen. R. R. Co., 206 Misc. 1077; Grossman v. Boisseau, 104 N. Y. S. 2d 858, affd. 279 App. Div. 1051; Birenbaum v. Rogers Silver Co., 215 App. Div. 88; Civ. Prac. Act, § 549; 4 Carmody on New York Practice, § 1415.)