Frank Del Vecchio, J.
The infant plaintiff, Nicholas Don-adío, by his guardian ad litem, Albert Donadío, brought an action to recover for injuries alleged to have been sustained as the result of defendant’s negligence in permitting a dangerous and unsafe tree to remain along a city street. The father’s derivative action for medical and hospital expenses and loss of services was tried together with that of the infant.
Evidence introduced at the trial in behalf of the plaintiffs indicated special damages of approximately $1,339 and the jury returned a verdict in the father’s action in that amount. In the principal action the infant plaintiff was awarded $500. This is a motion under section 549 of the Civil Practice Act to set aside the latter verdict upon the ground that it is insufficient and to grant a new trial.
*139 The record contains proof that the infant plaintiff was injured on October 15,1955 when a limb of the tree in question — which the jury has found was unsafe — fell and struck him in the back. He was taken by ambulance to a hospital where doctors found him to be in a state of shock, suffering from severe pain and perspiring, with paleness of skin, reduced blood pressure, spasm and splinting of the abdomen and blood in the urine as the result of a marked contusion of the kidney. X rays showed fractures of four transverse processes, which are segments of bones of each vertebra protruding from the main portions of the vertebra to which muscles are attached. Plaintiff’s body was immobilized to control the muscle spasms resulting from these fractures and he was put on a fracture bed. Repeated transfusions and intravenous fluids were administered for treatment of shock together with drugs for the control of pain. An indwelling catheter was inserted to drain the urine from the bladder.
Plaintiff remained in the hospital for nine days; after his discharge he continued to wear a sacral corset, or brace, to enable the fractures to heal. A doctor testified that the healing process usually takes from six to eight weeks.
With regard to the disability suffered by plaintiff, it appeared that for about one year prior to the accident he had worked in a grocery store where he was required to do some amount of lifting. Following the accident he was away from work for 16 weeks after which he took a job with the Western Union Telegraph Co. He stated that lifting heavy objects caused discomfort and pain in his back and a doctor testified that this condition is permanent. Upon the trial — approximately two years after the injury — plaintiff testified that he still experiences pain in his back if he lifts heavy objects.
There is no question that ‘1 In this type of action a jury is generally considered to be the supreme arbiter on the question of damages.” (Sontz v. Berney, 1 Misc 2d 544, 545.) However, ‘ ‘ Where the verdict of a jury is contrary to the weight of the evidence, or where it is excessive or inadequate, the trial court is vested with the power and has the duty to set it aside and to order a new trial.” (Kligman v. City of New York, 281 App. Div. 93, 94; O’Connor v. Papertsian, 309 N. Y. 465, 471.)
In the case at bar, the jury by their verdict in the derivative action indicated their belief of the testimony establishing the extent of and necessity for the medical and hospital services rendered the infant plaintiff and fixing a 16-week period of incapacity as a result of the injuries sustained by him. In view of their acceptance of these items, this court regards the award of $500 to the infant as inadequate fairly and fully to compensate him for the pain and suffering which he sustained.
*140 Accordingly, the infant plaintiff’s motion to set aside the verdict is granted and a new trial is ordered, unless within 10 days after entry of the order herein, the defendant stipulates to increase the amount of the verdict to $2,000 in which event the motion is denied. (See Stachowiak v. Garmone, 3 Misc 2d 36.)
Prepare order.