Patrick J. Picariello, J.
This is an oral application made by plaintiffs to set aside the jury’s verdict of $400 for plaintiff wife and $60 for plaintiff husband on the ground of inadequacy. The defendant’s doctor’s written report of his examination *914 of the plaintiff wife conducted on October 2, 1963 (approximately 14 weeks after the occurrence of the incident), reflects the following-described injury: “ Local examination shows a fading pink and tan discoloration in the center of the anterior surface of her right thigh. This was more noticeable a month or so ago. It is fading. The scar itself is roughly ‘ L ’-shaped. The vertical arm is about 1" wide and 4" long, and ends in a horizontal arm of about 2%" long and 1" wide. The scars will blanch out with the passage of months and may even attain the color of the surrounding normal skin in about six to nine months. But on close inspection, a scar, particularly the vertical, will be noticeable. ’ ’
Color slides of the burn taken on October 2, 1963, were permitted by the court to- be exhibited to the jury at trial as well as the actual physical residue of the burn and scar on plaintiff’s right thigh.
This court is generally reluctant to meddle with a jury verdict on an award for personal injuries and is disinclined to substitute its evaluation of an injury for that of a jury. However, in this case, it is the court’s opinion that the award of $400 as compensation for the nature and extent of the injury above described is so palpably inadequate as to agitate its conscience. Intervention is dictated. (Vide, Kligman v. City of New York, 281 App. Div. 93; Cohen v. City Canal Corp., 279 App. Div. 897.)
The next consideration to be given to this application is the nature of the remedy to be accorded to. the plaintiff.
The first and foremost consideration attended upon an application of this nature with respect to its appropriate remedy is-whether- or not the inadequate verdict was the result of a compromise by members of the jury who were convinced that there was no liability on the part of the defendant but who surrendered their convictions by an award less than commensurate with the injuries sustained. In such circumstances, it becomes incumbent upon the court to direct a new trial of all the issues involved.
The rationale in the light of the relief to be granted is that there must be a balance between a compromise verdict and an inadequate one. This balance must insist that a determination of inadequate verdict' must not be throttled by a consciousness of possible compromise, necessitating a new trial of all the issues. On the-other hand; a-new trial of all the issues should not be impeded because of an inadequate verdict, should the facts in a. particular case so dictate.
It is essential to a. compromise that there be material concessions or yielding of opposing convictions. It is an arrangement *915 arrived at by a jury in settling or adjudicating a dispute between litigants upon what appears to it to be equitable terms, having-had regard to the uncertainty it may find itself in regarding the facts found by it, based on the evidence submitted.
Therefore, the test appears to be whether or not in the instant case there was a surrender of conscientious convictions on one material issue by some jurors in return for a relinquishment of matters in their like settled opinion on another issue. A brief recital of the uncontradicted testimony submitted to the jury for its consideration clearly forecloses this possibility.
It appears that plaintiff entered into defendant’s place of business, as had been her wont for many years, to order a container of hot tea to take out. As she was standing in front of the counter, awaiting her tea, the container, which had been placed on the counter by one of defendant’s employees, was brushed against by the elbow or arm of another of defendant’s employees and was caused to topple over. The tea spilled over and onto the plaintiff’s right thigh, resulting in second degree burns. The defendant’s employee neither denied nor admitted brushing against the container but admitted that the container did in fact topple over. The undisputed fact is that the container was on the counter, in full view of the defendant’s employee and that he was standing alone behind the counter while the plaintiff was standing alone in front of the counter and about one foot away therefrom. Plaintiff never had possession of, or never even touched, the container.
Could the verdict arrived at by the jury have been compromised by a relinquishment of reciprocal convictions? Was the jury influenced by any testimony creating an issue of contributory negligence and did the balanced uncertainty, irresolution and indecision on that issue induce the compromise ? The answer must obviously be in the negative since the record is deficient of factual proof of contributory negligence and there was no such issue before the jury. (Vide, McGlyn v. Johnson, 15 Misc 2d 881.)
Was the jury influenced by any testimony or evidence of special damage such as medical expenses, loss of earnings and the like so as to inspire the compromise in the form of an award therefor? The answer again is in the negative since there was no testimony, probative or otherwise, to create such an issue. In fact, the court, in its charge to the jury, omitted entirely any claim for special damages and instructed the jury to bring in a verdict for the plaintiff, if it found such a verdict appropriate on the evidence submitted, solely for the injuries sustained.
*916 Was the injury claimed by the plaintiff of such a serious and permanent nature as to compromise defendant’s negligence? (Vide, Rest. v. Metropolitan Distrs., 1 Misc 2d 889.) The injury in this case was neither that serious, nor that permanent; it was neither complex, nor comprehensive nor manifold; its identity and undividedness left no reason for compromise, speculation or arbitration.
There appears to be nothing in the record which might justify the court in finding that the verdict was compromised by a relinquishment or surrender of reciprocal convictions. There were no other issues and thus there could be no other convictions.
Can it be said that the issue of negligence itself was compromised? The act charged to the defendant constituting the negligence was absolute in nature. The defendant’s employee either did or did not brush his arm or elbow against the container. The verdict of the jury leads the court to the irresistible conclusion that the award to the plaintiff was predicated solely on a finding by the jury of defendant’s negligence.
The record of this case does not justify a new trial of all the issues.
Under certain circumstances, especially when the verdict is plainly inadequate, it becomes the duty of the Trial Judge to correct it. (Crellin v. Van Duzer, 269 App. Div. 806.) Under other circumstances, it may be proper to grant a new trial unless the defendant stipulates to pay a larger amount (O’Connor v. Papertsian, 309 N. Y. 465; Ferraro v. Sieradski, 4 A D 2d 735), or unless the plaintiff stipulates to accept a lesser amount should the court find the award excessive (Shea v. Malken, 258 App. Div. 754).
Under the circumstances and on the record, the motion is granted and the verdict vacated. In the exercise of its discretion, a new assessment of damages is ordered on May 2, 1966 (see decision of the Appellate Division, First Department, in the case of Mercado v. City of New York, 25 A D 2d 75), unless the defendant stipulates in writing within 20 days from date of service of a copy of this order with notice of entry to pay the sum of $1,250 to the plaintiff wife in lieu of the amount awarded her by the jury, and the plaintiff wife stipulates to accept the same in writing within the same time period. The motion with respect to plaintiff husband is denied. The amount awarded by the jury to plaintiff wife is grossly inadequate and a verdict less than the amount indicated is not warranted on the record.