■ ANTHONY J. RANIERI, Appellant, v. EUGENE A. ROACH et al., Respondents.— GREENBLOTT, J. Appeal from an order of the Supreme Court at Trial Term, entered April 13, 1967 in Broome County, which set aside the verdict in favor of the plaintiff in the amount of $80,000 and ordered a new trial, limited to the question of damages. The action arose out of an accident on March 22, 1963, when the defendant, Irene A. Roach, passed a stop sign at an intersection and struck plaintiff's oncoming light truck. The plaintiff, a brick and concrete mason, was shaken up, suffering alleged fractures to his neck and back and subsequent hospitalization. The jury verdict of $80,000 was set aside by the trial court on the ground that it was "shockingly excessive" and "contrary to the weight of the evidence". In reaching its decision, the court weighed the credibility of the appellant heavily against him, noting that "credibility in a case such as this is of vital importance because a great many of the [appellant's] symptoms and complaints were of a subjective nature that the doctor had to rely upon in determining what the true condition was and in making an accurate diagnosis of his true condition". The court cited inconsistencies between the appellant's trial testimony and the transcript of his examination before trial, medical testimony dissociating the lower back injury from trauma, failure to call a spinal specialist who had operated on and observed plaintiff, the fact that the appellant actually lost no wages the year after the accident, but actually made twice what he did in typical years before the accident, and finally, his opinion that the record was devoid of any evidence to show that the appellant's injuries were caused by the accident. A review of the record fully supports the decision of the trial court. A hiatus in the proof exists because of the failure of appellant to call Dr. King who operated twice upon the plaintiff. Thus the record is completely barren of proof of causal relationship connecting the accident and the laminectomies performed by Dr. King in Syracuse on December 2, 1963 and December 13, 1964. The problem is further highlighted by the fact that appellant was involved in a subsequent automobile accident on October 5, 1964, requiring the prescription of a lumbosacral support. Appellant attempted to cure the deficiency of proof by records of the Syracuse

hospitalizations. This failed to support appellant since there was a specific statement in the record that the low back condition for which Dr. King operated in 1964 was not of traumatic origin. Further confusion in the medical proof exists as a result of the testimony of Dr. Bloom that when he operated on the appellant in June of 1963, he found a "hard mass" in the area of his cervical spine which was pressing on the spinal cord and causing his symptoms. On cross-examination he could not say definitely whether it pre-existed the accident of March 22, 1963. The deficiencies in the causal relationship proof are made more glaring by the evidence casting doubts upon the appellant's credibility. While ordinarily the question of credibility is for the jury, the trial court properly recognized its importance in a case such as this where many of the plaintiff's symptoms and complaints were subjective, requiring the doctors to rely heavily upon them in diagnosis. The trial court cited numerous inconsistencies between the appellant's trial testimony and the transcript of his examination before trial. In one instance, on the examination before trial, appellant denied the existence of injury to his lower back and neck before the accident, whereas at the trial, he admitted he had been in an automobile accident in 1958 for which he sought medical attention, and received X rays of his cervical spine and lower back. Other instances concerned the failure of appellant to give full histories to his physicians such as the omission of the prior accident in 1958, failure to submit tax forms in support of his $25,000 wage claim, when in fact, in 1964 he had earned perhaps three times what he had earned before the accident. It should also be noted that since the proof of causal relationship as to the laminectomies was lacking, the testimony of the heavy medical expenses incurred in connection with them, the accrued earnings loss, roughly 19 weeks' time spent in hospitals over the course of nearly two years after the accident, and the testimony of pain and suffering in the course of these hospital admissions, were all highly prejudicial to the respondent and obviously contributed to the high verdict. In addition, the trial court properly concluded that the jury was confused by the evidence and could not properly weigh and appraise it. Under the circumstances presented by this record, the trial court was justified in finding the verdict to be unconscionably high and properly exercised his discretion. (See *Hussey* v. *Oneida Motor Freight*, 30 A D 2d 741; *Kligman* v. *City of New York*, 281 App. Div. 93; *Ferraro* v. *Sieradski*, 4 A D 2d 735.) Order affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.