John D. Capilli, J.
The plaintiff took his 1973 Ford to the defendant, Winmar J. Ford, Inc., for a periodic inspection on the 19th day of September, 1973. At approximately 4:00 p.m. on said date the plaintiff was notified by said defendant, its agent, servant or employee, that his vehicle had been stolen.
As a matter of fact, the vehicle has never been recovered and the loss has been fully paid by the plaintiff’s insurance carrier. Coincidentally, the carrier happens to be Hartford Accident ■& Indemnity Co.
In the trunk of the vehicle was the toolbox which belonged to the plaintiff, along with all the necessary tools needed in the plaintiff’s trade, to wit, a refrigeration mechanic.
The claim for the loss of the tools was denied, there being no insurance coverage under the theft policy which the plaintiff had in force.
Based upon this denial the plaintiff now sues the defendant, Winmar J. Ford and the defendant, Hartford Accident & Indemnity Co., who is the carrier for Winmar J. Ford, for $429 under the bailment contract, in Small Claims Court.
Without any difficulty the court recognizes that this was a bailment for compensation. The plaintiff took his vehicle to the defendant, Winmar J. Ford, for a periodic inspection and intended to pay a consideration for the repairs and services rendered.
The plaintiff has proven delivery, acceptance and refusal, on demand, to return the vehicle. This, coupled with payment of consideration, establishes a prima facie case.
Defendant’s Exhibit A in evidence is Winmar J. Ford’s repair bill and it has an added quotation, “ car stolen from service dept”. (Emphasis added.)
New York courts hold that the doctrine of respondeat superior applies in determining the liability of a bailee for damage to or loss of the thing bailed as a result of the acts of his servant. (5 N. Y. Jur., Bailment, § 60.)
*849 The defendants have attempted to deny their liability simply because the plaintiff failed to notify Winmar J. Ford that the tools were stored in the trunk, thereby making him contributorily negligent.
This contention is totally refuted by the court. As the trier of the facts the court finds that the plaintiff owed no duty to the bailee to notify him that the tools were in the trunk; that they had a high value in order that the bailee might take the necessary precautions to safeguard the tools. (Cohen v. City Canal Corp., 279 App. Div. 897; J. W. Mays, Inc. v. Hertz Corp., 15 A D 2d 105; Hunter Trucking Co. v. Glatzer, 285 App. Div. 314.)
The court distinguishes Swarth v. Barney’s Clothes (40 Misc 2d 423) from the case at bar and which the defendant relies upon. The periodic inspection for which the plaintiff brought the car in required the rotation of tires. This procedure requires opening the trunk to obtain the spare tire and exchange it with one of the other four tires.
It is the judgment of the court, based upon the testimony and the evidence presented, coupled with the substantial justice of the Small Claims Court, to find for the plaintiff in the sum of $250, together with costs of $3.18.