Albert H. Boos, Respondent, v. Ervin C. Field, Appellant.

Third Department, July 8, 1920.

Trial — verdict — supervisory power of court over verdict — motor vehicles — action to recover for injuries received by being struck by automobile — question of contributory negligence properly submitted to jury.

A trial justice has a supervisory power over a verdict, and ordinarily the Appellate Division will not disturb his discretion in setting aside a verdict as not sustained by the evidence.

In an action to recover for injuries sustained by being struck by defendant's automobile, it appeared that the plaintiff, who was leading a two-year-old bull along the public highway, held onto the rope after the bull became frightened by the defendant's automobile and was dragged in front of it and injured. On all the evidence, held, that it was not error to submit the question of the plaintiff's contributory negligence to the jury.

APPEAL by the defendant, Ervin C. Field, from an order of the Supreme Court, made at the Cortland Special Term and entered in the office of the clerk of the county of Chenango on the 24th day of July, 1919, granting plaintiff's motion for a new trial.

*Hart, Stevenson, Walton & Senior* [*A. G. Senior* and *David F. Lee* of counsel], for the appellant.

*Ward N. Truesdell*, for the respondent.

JOHN M. KELLOGG, P. J.:

The trial justice set aside the verdict in favor of the defendant on the ground that it was not fairly sustained by the evidence and because he erroneously submitted the plaintiff's contributory negligence to the jury. A trial justice has a supervisory power over a verdict. He has seen the witnesses and is in the atmosphere of the trial, and ordinarily this court will not disturb his discretion in setting aside a verdict as not sustained by the evidence.

The plaintiff was leading a two-year-old bull along a public highway, with an ordinary halter, consisting of a rope around the neck with a half-hitch over the nose. The plaintiff had

hold of the end of the rope, about eighteen feet from the bull's head. They were upon the right-hand side of the road, the plaintiff following the bull. He had not led the bull before and did not know how he would act. Defendant's automobile, approaching from the rear, frightened the bull; he suddenly dashed across the road. The plaintiff held onto the rope and was dragged after the bull, with the result that the plaintiff was injured by a collision with the automobile.

We conclude from all the evidence that it was not error to submit the question of the plaintiff's contributory negligence to the jury. The order is affirmed, with costs and printing disbursements to abide the event.

Order unanimously affirmed, with costs to abide the event.