Mildred Schaefer, an Infant, by Catherine Schaefer, Her Guardian ad Litem, Respondent, v. Julius De-Neergaard, Appellant.

First Department, April 29, 1921.

Negligence — action against lessee to recover for injuries received by slipping on wet step in front of store — verdict for plaintiff contrary to evidence.

In an action to recover for injuries received from a fall caused by slipping on a wet step as the plaintiff was leaving the defendant's store, which was predicated both on negligence and nuisance but tried solely upon the theory of negligence, it appeared that the defendant was the lessee of the store only and not of the building and that in front of the entrance to the store and at its threshold there was a platform or step made of concrete which was not in any way defective but which sloped quite sharply from the store toward the sidewalk, and that there was no covering on the step or any rail thereon.

*Held*, that a verdict in favor of the plaintiff was against the weight of the evidence, since the only evidence of negligence was the improper construction of the step and there was no proof that for a period of five years before the accident any other accident had occurred due to the construction of the step, nor was there any evidence to show that there had been accidents of a similar kind on other rainy days due to the slipperiness of the surface of the step and that notice of the danger of slipping on

such days had been brought home to the defendant, and furthermore there was no evidence showing that the plaintiff's slipping was due to the wet condition of the step or to its so-called improper construction.

*It seems,* that the defendant cannot be held liable for the construction of the step, since he was lessee only of the store and the step formed a part of the building and was put there by the owner.

APPEAL by the defendant, Julius DeNeergaard, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of November, 1920, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the same day denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*David Drechsler* of counsel [*Max Leff* with him on the brief; *Drechsler, Orenstein & Leff,* attorneys], for the appellant.

*Louis Cohn,* for the respondent.

GREENBAUM, J.:

The complaint alleges that the defendant was in occupancy of the store in premises 450 Fifth avenue, Brooklyn; that on or about March 19, 1918, while plaintiff was lawfully in the store and in the act of leaving it, she " was caused to and did fall over, upon and by reason of the step or platform in front of the entrance to said premises," whereby she sustained various injuries due to " the negligence and carelessness of the defendant in maintaining said step in front of said premises in a negligent, careless and unlawful manner, in allowing said step to become defective and dangerous to life and limb and in using a step or platform for his invitees which was of improper shape and construction, and that said condition constituted a nuisance and further by reason of the negligence and carelessness of the defendant in other respects."

In her bill of particulars plaintiff alleges: " That on the said 19th day of November, the plaintiff was lawfully in said store as a customer, made a purchase therein and was in the act of leaving the same when by reason of the defective construction of the entrance step or platform leading into the store and its dangerous and defective maintenance in a wet and slippery condition without any covering or without any railing of any kind,

the plaintiff was caused to and did slip on and from said platform. That said defendant had knowledge of said defect or in the exercise of reasonable care should have had knowledge of such defect and defective maintenance."

It will thus be observed that the action is predicated both upon negligence and nuisance. As matter of fact it was tried solely upon the theory of negligence.

The testimony so far as relevant to this appeal is as follows: It is not disputed that the defendant was the lessee of the store only and not of the building and that in front of the entrance to the store and at its threshold there was a platform made of concrete. Photographs of the structure in evidence were submitted to the court upon the hearing of the appeal and an inspection of them indicates that there is no defect of any kind in the platform so far as its condition is concerned. That is to say it appears to be almost as good as new and there is nothing to indicate that there are any broken or disintegrated parts which require repair or might cause one to stumble. Plaintiff testified that on November 19, 1918, she was thirteen years old; that on that day between four and five o'clock in the afternoon it was raining " pretty hard; " that the streets were wet; that she went into the defendant's store to buy some catarrh snuff and after completing her purchase started to go out, and to state her own testimony, " As I went to walk out of the store placed my foot — after I stepped off the threshold, I placed my foot on the step and no sooner had I done this than I slipped off the step [referring to the platform] and landed in a sitting position on the sidewalk." She further testified that she slipped in the center of the platform and that there was no covering or any rail thereon.

The principal witness produced in behalf of plaintiff on the question of defendant's negligence was one James Whiskeman, who was a consulting engineer for twenty-five years. He testified that he was a graduate of Cornell University and that he was for nine years chief engineer in the building department of the city of New York, with considerable experience in connection with building operations; that the platform in question was about five feet wide; that its length from the outer edge at the sidewalk to the threshold leading into the store was thirty-four inches; its height from the sidewalk,

at its outer edge, was five inches; that there was a slope of four and one-half inches down toward the sidewalk, that is to say, the height of this platform at its inside edge or the point nearest to the store entrance is four and one-half inches higher than it was at its outside edge; that this slope was between fourteen and fifteen per cent; that the usual construction of these platforms is level, though they may slope an eighth of an inch or a quarter of an inch to a foot to shed the water; that the platform was of improper construction, there being no reason why it should not have been level and that he never saw any built either under his supervision or while in the building department, where there was a slope of upwards of fourteen per cent.

On redirect examination he testified that it was a simple matter to properly reconstruct this sidewalk by putting on additional concrete to make an eight-inch step. It thus appears that the only evidence of negligence was the alleged improper construction of the step.

The defendant testified that the platform existed in the condition in which it was for a period of five years and there is no contradiction of that testimony. The case is barren of any proof that there were prior accidents due to the construction of the platform. Inasmuch as the case was tried upon the theory of negligence it is difficult to see how the defendant can be held liable for the construction, which it is not shown was made by him. The inference would be that this being a permanent structure it forms a part of the building and was put there by the owner.

It was incumbent on the plaintiff to show in what respects defendant was negligent. If he was negligent in omitting to put a covering on the platform on rainy days the plaintiff should have shown, if such was the fact, that there had been accidents of a similar kind on other rainy days due to the slipperiness of the surface of the platform and that notice of the danger of slipping on such days had been brought home to the defendant.

There is another serious omission in the proof. Plaintiff merely testified that she slipped. There is no evidence of any kind showing that her slipping was due to the wet con-

dition of the platform or to its so-called improper construction. She may have slipped for various reasons other than the way the platform was constructed. The mere happening of the accident is not evidence of defendant's negligence. It was necessary for her to give evidence showing that the slipping was caused by the fact that the platform sloped downwards or inclined toward the sidewalk. There is thus a total absence of proof of any negligence on the part of defendant. The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.