GEORGE W. DASHNAU, Appellant, *v.* THE CITY OF OSWEGO, Respondent.

Fourth Department, January 10, 1923.

**Municipal corporations — action to recover for personal injuries suffered when plaintiff's motorcycle ran into pile of stone on street — pile of stone which was unguarded and extended two feet onto macadam surface constituted nuisance — contributory negligence not important — error for court to set aside verdict as against weight of evidence.**

A pile of stone for use in road repair work which was left by a city by the side of a road constituted a nuisance, where the pile extended onto the macadam surface of the road a distance of two feet and the balance of the stone was on the

shoulder of the road, and the pile was unguarded by anything that would furnish warning to travelers on the highway.

If the stone constituted a nuisance, the question of the contributory negligence of the plaintiff, who suffered injuries when his motorcycle ran into the stone, was unimportant, and furthermore, if contributory negligence was important, the evidence was not so preponderating in favor of the defendant on that question as to justify the court in setting aside the verdict of a jury in favor of the plaintiff.

While considerable latitude should be allowed the trial court on motions to set aside verdicts, nevertheless, where plain questions of fact are involved, as in this case, the trial judge should not be zealous to set aside the verdict, because he might have arrived at a different conclusion on the same evidence.

It was error, therefore, for the trial court to set aside the verdict in favor of the plaintiff on the ground that he was guilty of contributory negligence, and that the verdict was against the weight of the evidence, for there were presented questions of fact for the jury and the findings on such questions were supported by sufficient evidence.

APPEAL by the plaintiff, George W. Dashnau, from an order of the Supreme Court, made at the Oswego Trial Term and entered in the office of the clerk of the county of Oswego on the 13th day of March, 1922, setting aside a verdict of a jury for $6,550 in favor of the plaintiff on the ground that it was against the weight of the evidence, and ordering a new trial.

*Francis D. Culkin,* for the appellant.

*D. Page Morehouse, Jr.,* for the respondent.

CLARK, J.:

This is an appeal by plaintiff from an order of the Oswego Trial Term setting aside a verdict of $6,550 in favor of plaintiff and granting a new trial on the ground that the verdict was against the weight of evidence.

The action is to recover damages for personal injuries received by plaintiff on the night of September 25, 1920, when a motorcycle driven by him on one of the public streets of the city of Oswego struck a pile of crushed stone which had been left by defendant by the side of and partly on the beaten track of the road which resulted in overturning the motorcycle. Plaintiff was thrown out and sustained the injuries complained of. Defendant among other things urged that the verdict was excessive, but, in view of the serious injuries received by plaintiff, if he was entitled to recover at all, we do not think the verdict could be regarded as unreasonable.

The street on which the accident occurred has a macadam surface in the center twelve feet eleven inches wide and on each side is a dirt shoulder, but there was no curbing and no sidewalk on either side of the street. At the point where the accident occurred

a pile of crushed stone had been left by defendant on the westerly side of the street for the purpose of repairing the road. It had been there about two weeks and was absolutely unguarded by any lights or flags or any other object that would furnish warning to travelers on the highway. This pile of stone was approximately two feet high, four feet wide and six feet long and the jury could have found from the evidence that it extended two feet over on the macadam portion of the street, the balance being on the dirt shoulder. At the time of the accident plaintiff was driving his motorcycle in a southerly direction and in the center of the highway. This motorcycle had a sidecar attached on the right-hand side. The plaintiff's brother was in the sidecar and they were driving at a speed of from twelve to fifteen miles an hour.

As they approached the place of the accident, they met a lady and gentleman walking side by side in a northerly direction, on the easterly portion of the macadam. As the motorcycle approached these pedestrains plaintiff turned slightly to the right to avoid them and almost instantly the sidecar struck this pile of crushed stone and was overturned.

The occupant of the sidecar was thrown out and sustained injuries, and in an action against defendant for his damages he recovered, and on appeal to this court the judgment was unanimously affirmed. (*Dashneau* v. *City of Oswego,* 200 App. Div. 854.)

The learned trial court submitted the case to the jury on the theory that the pile of stone left by the side of the road by defendant was an obstruction in the highway and was a nuisance. If it extended over on the macadam two feet as testified to by some of plaintiff's witnesses and as found by the jury, the macadam being only twelve feet eleven inches wide, the finding that this pile of stone was an obstruction and nuisance was proper in view of the evidence for it was clearly an object that was calculated to work injury, inconvenience and annoyance to those that had a right to use the highway.

The learned trial court in setting aside the verdict emphasized the fact that if plaintiff had looked he must have seen the obstruction, and that if he did not look he was guilty of negligence and that the finding of the jury that he was free from contributory negligence was not justified. If the pile of stone was a nuisance, we do not think the question of contributory negligence was important, but even if it was, the evidence was not so preponderating in favor of defendant on that question as to justify setting aside the verdict. We appreciate the fact that considerable latitude should be allowed the trial court on motions to set aside verdicts ( *Northam* v. *Dutchess County Mut. Ins. Co.,* 68 App. Div. 475; *Lyons* v. *Connor,* 53 id.

475), and if an injustice has been done, it is not only their right but their duty to interfere. But where plain questions of fact are involved as they were in this case, the trial judge should not be zealous to set aside a verdict because he might have arrived at a different conclusion on the same evidence. There were presented here questions of fact for the jury and the findings on such questions were supported by sufficient evidence. Setting aside the verdict on the ground that it was against the weight of the evidence was in effect substituting the conclusions of the learned trial court in place of those reached by the jury, and under the evidence in this case that was not justifiable.

The order should be reversed, with costs, and verdict reinstated.

All concur; CROUCH, J., not sitting.

Order reversed and verdict reinstated, with costs.