WILLIAM LEVERSEE, Respondent, *v.* FRED H. NEIDERMYER, Appellant.

Third Department, January 14, 1927.

Motor vehicles — action for personal injuries suffered in collision — verdict for $700 was set aside — verdict reinstated.

In an action to recover damages for personal injuries suffered by the plaintiff in a collision between automobiles, it was error for the court to set aside a verdict for $700 in favor of the plaintiff based on pain and suffering and loss of earnings, for there was no compelling reason why the court should substitute its judgment

for the judgment of the jury, where it appeared on the cross-examination that the plaintiff was perhaps not so badly injured as he seemed to think, and that he might have returned to his ordinary work somewhat sooner than he did.

APPEAL by the defendant, Fred H. Neidermyer, from an order of the Supreme Court, made at the Saratoga Trial Term and entered in the office of the clerk of the county of Saratoga on the 17th day of May, 1926, setting aside a verdict for $700 in favor of the plaintiff upon the ground of inadequacy and insufficiency.

*Frank J. O' Neill* [*Brenton T. Taylor* and *Lawrence B. Mc Kelvey* of counsel], for the appellant.

*Blodgett & Smith* [*H. E. Blodgett* of counsel], for the respondent.

PER CURIAM. The action involved a collision between automobiles and the plaintiff sought damages for personal injuries received from the negligent conduct of defendant. Plaintiff's wife brought a separate action for damages to property and for personal injuries arising from the same transaction. The two were tried together before the same jury.

There was no contest over the questions of negligence and contributory negligence. Only the question of damages was submitted to the jury. Separate verdicts were rendered, one in favor of plaintiff for $700, the other in favor of the plaintiff's wife for $850. The first was set aside as inadequate. So far as it appears no complaint is made relative to the second.

The elements of plaintiff's damage were pain and suffering and the loss of earnings. The extent of the injury received and the length of time the plaintiff was unable to work rested entirely upon evidence furnished by the plaintiff, the defendant calling no witnesses. Cross-examination disclosed that perhaps plaintiff was not as badly injured as he seemed to think, and he might have returned to his ordinary avocation at a much earlier time than he did. It was, therefore, a question depending upon the credibility of the witnesses called and the estimates to be made of the extent of the injuries, the pain and suffering endured and the value of plaintiff's services during the time he was unable to work. It was not confused by any other controverted issue.

The learned trial court submitted these questions to the jury in a very clear and careful charge, to which no exceptions were taken. They were advised that compensation for pain and suffering rested entirely in their sound judgment and discretion; and they could take into consideration pertinent evidence indicating to them the physical condition of the plaintiff following the accident and that they should not permit sympathy for the parties to enter into their consideration. It seems to us that in rendering these

two verdicts they gave attention to the instructions given and followed them with conscientious care. While the judgment of men might differ as to the compensation due plaintiff, this jury was selected by the parties to determine that question. In the absence of some sign of manifest injustice their judgment must control.

Nothing appears from the record that would indicate that the atmosphere of the trial was unfair or prejudicial to plaintiff. Ordinarily great reliance will be placed by the appellate court on the discretion exercised by the trial justice. He knows the conditions on the trial and has seen and heard the witnesses and at times he must exercise the power confided to him to prevent an unjust result. (*Boos* v. *Field*, 192 App. Div. 696.) We would not discourage the free exercise of sound discretion in such cases; but unless it is apparent that there has been injustice, and there is some compelling reason for substituting the judgment of the presiding judge for that of the jury on plain questions of fact, the trial justice should not be zealous to set aside a verdict because he might have arrived at a different conclusion on the same evidence. (*Dashnau* v. *City of Oswego*, 204 App. Div. 189, 192.)

We see no reason why another jury would be likely to reach a fairer determination of these questions; and none why this verdict should not be given finality.

The order should be reversed on the law and facts and the verdict be reinstated.

VAN KIRK, Acting P. J., HINMAN, McCANN, DAVIS and WHITMYER, JJ., concur.

Order reversed on the law and facts, and the verdict reinstated, with costs.