LOUISA DEGHERI and Another, Plaintiffs, *v.* BROOKLYN DAILY EAGLE, Defendant.

Supreme Court, Kings County, February 21, 1930.

*Robert E. Mebel,* for the plaintiffs.

*Bert W. Hendrickson,* for the defendant.

EDGCOMB, J. This is a negligence action. The decision of defendant's motion for a nonsuit, made at the close of plaintiffs' case and again at the close of all the evidence, as well as its motion for a direction of a verdict, made at the close of all the evidence, was reserved pursuant to the provisions of section 459 of the Civil Practice Act, and pending the decision of such motions various

questions of fact raised by the pleadings were submitted to the jury. These questions were answered in favor of the plaintiffs. Upon rendition of such special verdict, plaintiffs moved for a direction of a general verdict, in compliance with the findings of the jury. Defendant moved to set aside the verdict of the jury, except in answer to questions Nos. 5 and 6, which related to the amount of damages which the above plaintiffs sustained. By consent of counsel, decision of these motions was reserved in order to permit counsel to be heard, and the jury was discharged. The parties stipulated that, upon a decision of the various motions reserved, the court might direct a general verdict for whichever party was entitled thereto, with the same force and effect as if the jury were present to carry out such instructions.

The finding of the jury that the plaintiff Louisa Degheri fell because of a worn and slippery condition of the iron plate surrounding the vault lights in the sidewalk in front of defendant's premises, as alleged in the complaint, and not because of some defect not covered by that pleading, is not against the weight of evidence, and should not be disturbed.

I am in full accord with the finding of the jury in answer to the fourth question. I do not see how it can be argued that plaintiffs were guilty of any negligence which contributed to this accident.

It is very difficult for me to believe that Mrs. Degheri could have been free from pain, or walked about with a broken hip. Spontaneous or pathological fractures are recognized and well known to the medical fraternity. Nevertheless, whether she broke her femur when she fell on the sidewalk at noon, or later at night when she went to put on her rubbers, was a question for the jury. I am frank to admit that I should have had no hesitancy in finding that this break occurred long after the fall of which plaintiff complains, if that question had been left to me to decide. I think, however, that the jury had a right to believe plaintiffs' doctor. The trial judge should not be overzealous in setting aside a verdict simply because he would have arrived at a different result had he been the trier of the facts. (*Dashnau* v. *City of Oswego*, 204 App. Div. 189.) I have, therefore, reached the conclusion, with some hesitation, however, that I should not interfere with the verdict. so far as it relates to the second question which was submitted to the jury.

No objection is urged to the answers given by the jury to the fifth and sixth questions submitted. It is not suggested that the award of damage in either case is excessive.

This leaves for consideration the third question which was submitted to the jury, namely, whether the defendant was guilty of

negligence in permitting the iron plate about the vault lights in front of its building to be in the condition they were in on the day of the accident. The vault lights in question extended from the building out into the sidewalk some four feet. Around the outside of the lights was an iron plate some three or four inches in width. When the lights were constructed, there were grooves in these plates, but in spots the iron had worn until it was smooth, and in wet weather was more or less slippery.

No greater duty rests upon an abutting owner to keep the walk adjacent to his premises in repair than devolves upon the municipality. That duty is clear. Defendant was not an insurer of plaintiffs' safety, and was not obligated to maintain the walk in front of its premises in a perfect condition, so as to render accidents impossible; it was obligated, however, to use reasonable care and reasonable prudence to discover any defective condition in the walk, and to remedy the same, if such imperfection was of such a nature that a reasonably prudent person would have anticipated that it would be likely to cause injury to those lawfully using the walk. The difficulty here comes in the application of the rule.

It is not every defect in a sidewalk, which causes injury to a pedestrian, which can be made the basis of negligence upon the part of a municipality, or an abutting owner. There are many cases where holes and depressions of substantial size in the walks or pavements of a city street have been held to be so slight a defect as not to charge a municipality with negligence, even though it had knowledge of their existence. I think that the situation here comes squarely within that rule, and while the facts are different, I can see no difference in principle between the instant case and *Beltz* v. *City of Yonkers* (148 N. Y. 67); *Hamilton* v. *Buffalo* (173 id. 72); *Butler* v. *Village of Oxford* (186 id. 444); *Gastel* v. *City of New York* (194 id. 15); *Smith* v. *City of New York* (223 id. 608); *Eger* v. *City of New York* (239 id. 561) and kindred cases. I do not see how it can be said that there are any unusual features or circumstances connected with the walk in question which takes this case out of the general rule laid down in the above authorities, or which would tend to render the situation here such that danger could reasonably be anticipated to result to a pedestrian.

In *Weldon* v. *New York, N. H. & H. R. R. Co.* (159 App. Div. 649) it was held that a passenger who slipped and fell upon a smooth concrete step which led to defendant's platform could not recover, because he had failed to prove that the defendant was negligent. The evidence showed that the top of the step was not only smooth and damp, and was not protected by any tread, but that it sloped in such a manner that one end was at least one and a half inches

lower than the other. As plaintiff put his foot upon this step, he slipped, and he fell to the bottom of the stairs. It was held that the defect was not of such a character as to render the defendant negligent under the circumstances. Certainly a railroad company owes a prospective passenger, whom it invites upon its premises, as high a degree of care as an abutting owner owes to a pedestrian who walks past his premises.

In *Kline* v. *Abraham* (178 N. Y. 377) a clerk in defendant's store slipped and fell upon a smooth or polished marble stair. There was evidence that the steps in question were " slippery as ice," " smooth as glass," and " highly polished." HAIGHT, J., in the course of his opinion, says: " It has not been generally understood that a master, charged with the duty of furnishing a safe place for his servant to work, failed in his obligation by reason of his having supplied marble stairs."

While there is some evidence that one person had fallen upon this sidewalk a month before the accident in question, and that one other person had also fallen, there was nothing to show what made them fall. For aught that appears, there might have been ice upon the sidewalk which caused the fall, or the pedestrians might have slipped for various reasons, for which the defendant would have been in no way to blame. Furthermore, there is no evidence that knowledge of these two falls was ever brought home to the defendant. The evidence shows that a record of all complaints of any accident in and about its property was kept by the defendant, and that no accident upon the sidewalk in question had ever been reported to the defendant.

Three thousand people walked by defendant's property every day. If this condition had been such as to render the sidewalk unsafe, it would seem as if there would have been prior accidents of a similar nature, and that knowledge thereof would have been brought home to the defendant. Without such evidence, I do not see how it can be said that defendant was bound to have anticipated an accident of this kind. (*Schaefer* v. *De Neergaard,* 196 App. Div. 654, 657.)

It must be remembered that this action was brought and tried solely upon the ground of negligence. There is no claim that plaintiffs can recover upon the theory that the defendant was guilty of maintaining a nuisance. Plaintiffs must stand or fall upon the theory of negligence. I do not think that, under the circumstances disclosed by this record, this defect was of such a nature that the defendant was called upon to have anticipated that danger would result, if the condition were allowed to continue. If that is so, the plaintiffs have failed to show that the defendant was guilty

of any negligence which caused this accident, and, unfortunate as the result may be, there can be no recovery here.

Defendant's motion to set aside the special verdict of the jury in answer to questions Nos. 1, 2 and 4 denied.

Defendant's motion to set aside the special verdict of the jury in answer to question No. 3 granted.

Motion by plaintiffs for a direction of a general verdict, in conformity with the special verdict of the jury, denied.

Motion by defendant for a direction of a verdict made at the close of all the evidence is granted.

Judgment directed for the defendant, with costs.