ABRAHAM FAVER, Appellant, v. THE CITY OF NEW YORK, Respondent.—Action for personal injuries due to a claimed negligent condition of the pavement around a manhole cover on a public street. Plaintiff had a verdict for $7,500. The court set aside the verdict as contrary to the evidence and on the ground that it was excessive. The defendant adduced no testimony on the issue of injuries and rested on the plaintiff's showing. The jury were, therefore, free to accept that showing and assess therefor. The defendant concedes that, so viewed, a basis existed for the amount of the verdict and if that testimony, thus uncontradicted, was accepted by the jury, the amount of the verdict was not excessive. On the issue of liability the record is overwhelmingly in support of the finding in favor of the plaintiff. The defendant's case did not contain evidence from witnesses who could readily have controverted the testimony on behalf of the plaintiff if it were untrue, and one of the defendant's witnesses, in part at least, sustained the plaintiff's claim. Under these circumstances a situation did not exist that justified the trial justice in setting aside the verdict and in effect substituting his judgment on the facts for that of the jury. The case comes clearly within the doctrine of *Dashnau* v. *City of Oswego* (204 App. Div. 189); *Leversee* v. *Neidermyer* (219 id. 214); *Hogan* v. *Franken* (221 id. 164) where it is stated that where plain questions of fact are involved, the trial judge should not be zealous to set aside the verdict because he might have arrived at a different conclusion on the same evidence. Order reversed on the law, with costs, motion denied, verdict reinstated, and judgment directed to be entered thereon, with costs. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

SOPHIE GORDON, Appellant, v. THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Defendant; MEYER GORDON, HARRY GORDON, HENRIETTA HERZFELD and IDA DAVIDSON, Respondents.— In an action for reformation of a life insurance policy and to declare plaintiff to be the owner of the proceeds thereof, instead of the stated beneficiaries, order and judgment entered thereon dismissing the complaint upon the merits unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Taylor, JJ.