SAM COLEMAN, as Administrator, etc., of LEON COLEMAN, Deceased, Appellant, *v.* BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.

Second Department, September 14, 1937.

*Louis N. Jaffe,* for the appellant.

*Andrew F. Van Thun, Jr. [George D. Yeomans* with him on the brief], for the respondent.

DAVIS, J. The plaintiff's intestate, a small boy about eight years of age, was crossing the street when the defendant's street car, which had been standing at the street intersection, ran him down without warning. On the trial questions of negligence and contributory negligence were submitted to the jury, which found a verdict for plaintiff for $7,500. Later the verdict was set aside and a new trial granted. No reason, oral or written, was given by the trial justice in reaching this determination. The plaintiff has appealed.

An examination of the record discloses that the questions of negligence and contributory negligence were those of fact. (*Baker* v. *Close,* 204 N. Y. 92; *Knapp* v. *Barrett,* 216 id. 226; *Carr* v. *Pennsylvania R. R. Co.,* 225 id. 44; *Fandel* v. *Third Avenue R. R. Co.,* 15 App. Div. 426; affd., 162 N. Y. 598; *Legare* v. *Union Railway Co.,* 61 App. Div. 202; *Tierney* v. *Boston Elevated Railway,* 216 Mass. 283; 103 N. E. 783.)

As to contributory negligence, the trial justice correctly stated the rule that the decedent " was required to use for his own protection that care and caution that would be used by the ordinarily careful, prudent person of his age, experience, training and education." (See *Camardo* v. *New York State Railways,* 247 N. Y. 111, 115, 118.)

Appellate courts are reluctant to interfere with the discretion of the trial justice, who is in the atmosphere of the trial, where a verdict has been set aside. (*Boos* v. *Field,* 192 App. Div. 696; *O' Keeffe* v. *O' Keeffe,* 208 id. 750; *Colbourn* v. *New York Central R. R. Co.,* 214 id. 807.) But where plain questions of fact are involved, the trial justice should not be zealous to set aside a verdict because he might have arrived at a different conclusion on the same evidence. (*Dashnau* v. *City of Oswego,* 204 App. Div. 189; *McNally* v. *Oakwood,* 210 id. 612; affd., 240 N. Y. 600; *Leversee* v. *Neidermyer,* 219 App. Div. 214; *Hogan* v. *Franken,* 221 id. 164.)

We state again the rule that if a trial justice sets aside a verdict he should state some reasons therefor showing the operation of the judicial mind on the facts of the particular case, and not leave an appellate court in doubt as to whether the result was based upon sound reasons instead of being an impulsive or a capricious act.

The defendant makes no claim here that the verdict is excessive. The order setting aside the verdict and granting a new trial

should be reversed on the law and the facts, with costs, and the verdict for plaintiff reinstated, with judgment directed thereon, with costs.

CARSWELL and JOHNSTON, JJ., concur; LAZANSKY, P. J., concurs in result; HAGARTY, J., dissents and votes to affirm upon the ground that the discretion exercised by the trial justice in setting aside the verdict and directing a new trial should not be disturbed.

Order setting aside verdict and granting a new trial reversed on the law and the facts, with costs, verdict for plaintiff reinstated, and judgment directed to be entered thereon, with costs.