In an action to recover damages for fraud practiced by the respondent Friedland on the plaintiff in procuring payment of a letter of credit when Friedland knew, on presentation of the necessary shipping documents, that the goods shipped to plaintiff were not those ordered, the jury rendered a verdict for plaintiff for $3,000. The court set aside the verdict as a compromise, and thereafter granted a renewed motion by respondent for the direction of a verdict in his favor, on which decision had been reserved when made at the close of the case. Plaintiff appeals from the judgment entered in favor of respondent on the granting of the motion for a directed verdict. Judgment reversed on the law and the facts, with costs, respondent’s motion denied, the verdict reinstated, and judgment directed to be entered thereon, with costs. The verdict of the jury for $3,000 was not necessarily a compromise. The amount thereof is justifiable on this record. There was no basis for granting the motion for a directed verdict. A question of fact was presented for the jury and the verdict is not against the weight of the evidence. If a trial justice grants a motion for the direction of a verdict, he should state the reasons therefor. (Cf. Coleman v. Brooklyn é Queens Transit Corp., 252 App. Div. 215; Bead v. City of New York, 269 App. Div. 1056.) Hagarty, Acting P. J., Carswell, Johnston, Adel and Nolan, JJ., concur.