■ ERNEST E. RANDALL, JR., Respondent, v. CITY OF NEW YORK, Appellant.—In an action to recover damages, based upon an allegedly illegal arrest and assault, defendant appeals from an order of the Supreme Court, Queens County, dated March 15, 1962, which granted plaintiff's motion, pursuant to section 549 of the Civil Practice Act, to set aside the jury's verdict in favor of defendant, and which directed a new trial. Order reversed, without costs, plaintiff's motion denied, and verdict for defendant reinstated. On the proof adduced, it may not be held that the evidence preponderated so greatly in favor of the plaintiff as to establish that the jury's verdict for the defendant could not have been reached upon any fair interpretation of the evidence (cf. *Areson* v. *Hempstead Bus Corp.*, 14 A D 2d 790). We again call attention to the rule that when the trial court sets aside a verdict, the reasons for such action should be stated (*Coleman* v. *Brooklyn & Queens Tr. Corp.*, 252 App. Div. 215, 216). Beldock, P. J., Klenfeld, Christ, Brennan and Rabin, JJ., concur.

■ PAUL A. GIPFEL et al., Respondents, v. JUDITH C. PUTNAM et al., Appellants.—Motion by respondents to dismiss the appeal as academic or, in the alternative, to transfer it to the Appellate Term of the Supreme Court, Second Judicial Department. The appeal is from an order of the Supreme Court, Kings County, made October 23, 1962, which denied the respective motions of the plaintiffs (respondents) and of the appellants (defendants) to vacate their respective notices to examine each other before trial, and which directed that the examinations shall proceed 10 days after the case first appears on the Day Calendar. The record on the appeal was filed in this court on February 1, 1963. Respondents now move to dismiss the appeal on the ground that after the making of the order appealed from, that is, on February 5, 1963, a further order was made by the Supreme Court removing the action to the Civil Court of the City of New York, County of Kings, and directing that the examinations before trial shall be conducted pursuant to the order appealed from. The motion is denied. The order appealed from, having been made by the Supreme Court and the appeal therefrom having been taken to this court prior to the making of the order removing the action to the Civil Court of the City of New York, such removal order did not have the effect of vitiating the appeal or of divesting this court of jurisdiction or of rendering the appeal academic. Upon our determination of the appeal the remittitur will be sent to the Supreme Court in the regular course; and the Clerk of that court, by reason of the removal order, may then transmit the remittitur to the Civil Court for appropriate action. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.