■ STANLEY MEYERSON, Respondent, v. NIAGARA MACHINE AND TOOL WORKS, Appellant.— In an action to recover damages for personal injuries, defendant appeals from a judgment of Supreme Court, Kings County, entered April 22, 1969 in favor of plaintiff upon a jury verdict of $40,000. Judgment reversed, on the law and the facts, and new trial granted solely on the issue of damages, with costs to abide the event, unless plaintiff, within 30 days after entry of the order hereon, serve and file in the office of the trial court a written stipulation consenting to reduce the verdict to $25,000 and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. Plaintiff is an electrical engineer and factory manager for the Admiral Watchband Company. One of his duties was to test recently acquired power presses after Admiral had installed electrically operated dies upon the presses. While testing one such piece of equipment the press suddenly came down on his finger. As a result, his right index finger was amputated. In our opinion, the amount of the verdict was excessive to the extent indicated herein. Brennan, Acting P. J., Hopkins and Benjamin, JJ., concur; Rabin, J., dissents and votes to affirm the judgment. Munder, J., dissents and votes to reverse the judgment and to dismiss the complaint for failure to prove a cause of action, with the following memorandum: The proof in this case was that the power press involved in the accident was manufactured by defendant, but that, upon delivery to plaintiff's employer's factory, the latter's employees added to it by installing electrically operated dies. There was no proof that the press, when delivered, was defective, or that if used as delivered it would have caused the accident. In fact the proof was to the contrary: plaintiff had used it for more than 15 minutes before the accident occurred and his own expert admitted that when the machine was tested without the dies added by plaintiff's employer it worked as expected. Viewed in this light, the following sentences from the opinion by Judge (now Chief Judge) FULD in *Campo* v. *Scofield* (301 N. Y. 468, 472) take on special meaning: " If a manufacturer does everything necessary to make the machine function properly for the purpose for which it is designed, if the machine is without any latent defect, and if its functioning creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law's demands. We have not yet reached the state where a manufacturer is under the duty of making a machine accident proof or foolproof." There was testimony, after the fact, that if the machine had been equipped with " open contacts " the accident would not have occurred, but this does not support a charge that the machine contained latent defects or that it was inherently defective (see *Tatik* v. *Miehle* — *Goss* — *Dexter*, 28 A D 2d 1111, 1112). In sum, my vote for reversal and for dismissal of the complaint is based on my view that the accident was caused by the "intervention" of plaintiff's employer, i.e., by the addition of the electrical dies, the installation of which, incidentally, was uncontrovertedly described as a " pretty sloppy wiring job ". Defendant was not responsible for this intervention and therefore cannot be held liable (cf. 2 Harper &. James, Law of Torts, § 20.5, pp. 1141–1144).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALLEN ANDERSON, Appellant.— Judgment of the County Court, Dutchess County, rendered October 23, 1968, affirmed. In affirming, we have considered the additional contention set forth in defendant's supplemental brief and reject it on both of the grounds specified in the People's brief. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.