## (January 16, 1976)

■ FREDERICK STAIANO, Appellant, v EDWARD W. CRONK et al., Respondents.—Order affirmed, without costs. Memorandum: We consider but one question in this appeal, namely, whether the trial court was correct in setting aside the jury verdict unless the plaintiff accepted by stipulation the amount of the verdict as reduced by the trial court. The jury had awarded the plaintiff a verdict of $25,000 which the court reduced to $7,500. It has been consistently held that the question of damages in a personal injury action is peculiarly the function of the jury and the verdict of the jury will ordinarily be sustained in the absence of irregularity, bias or unfairness (see *Fitzgerald v New York Cent. R. R. Co.,* 215 App Div 1). It has also been stated consistently that the trial court should not substitute its judgment on the issue of damages for that of the jury unless the amount is so excessive as to shock its conscience. However, the trial court has a duty to intervene where it feels that the verdict is unjust and, in so doing, it is accorded considerable latitude in the exercise of its discretion (see *Dashnau v City of Oswego,* 204 App Div 189). This obligation of the court was well stated in *Mann v Hunt* (283 App Div 140, 142): "Having himself heard the facts developed from the witnesses and sensed the atmosphere and texture of the trial, he had the duty of maintaining reasonable consistency between the weight of evidence and the verdict reached. * * * There is 'no standard by which to determine' when a verdict should be set aside as against the weight of evidence. The decision 'depends upon the discretion of the court' [citation omitted]." The court also stated (p 141): "The duty of the judge to supervise the reasonableness of the verdicts returned to him ought to be viewed liberally on appeal because the independence of mind with which that duty is exercised is an ingredient to the sound health of the judicial process." If the court determines that the amount of the verdict is not sustained by the evidence, it should have no hesitation in setting aside the verdict and if this discretionary right is properly exercised by the court, the appellate court will not interfere (see *Kligman v City of New York,* 281 App Div 93). Considering the paucity of special damages and testimony to the effect that within less than one month the plaintiff had resumed his normal work which was physically demanding, and the lack of any medical testimony as to progressive deterioration of the knee from the time of the accident until the date of trial, we conclude that the trial court did not improvidently exercise the discretion vested in it. All concur except Goldman, J., who dissents and votes to reinstate the jury verdict in the following memorandum: In this negligence action the trial court reduced to $7,500 an unanimous jury verdict of $25,000 on the ground that the verdict "greatly exceeds what the court considers to be fair consideration". The defendant called but one witness, the wife of the plaintiff, whose testimony concerned only a minor matter relating to the amount of damage to her vehicle. The principal issue is the injuries suffered by the plaintiff. The extent of plaintiff's injuries was testified to by one of plaintiff's doctors, an orthopedic surgeon, who became plaintiff's physician after the death of plaintiff's original doctor. The doctor who testified had all of the records of plaintiff's

treatment by the deceased physician, for the two doctors had been partners. The witness testified that his examination indicated that as a result of the accident the plaintiff suffered from chondramalicia patella of the kneecap, which affected the functioning of the leg and the knee joint. He stated unequivocally that his opinion is "that he was not going to get any better; that he would have to learn to live with this unless it became much worse, which I expect it to do, and that given a worsening condition, that at some point in the future he may require surgery", and that this damage to his knee and leg "is permanent in nature". Although plaintiff had been examined by a doctor for the defendant, he was not called as a witness and no countervailing medical testimony was offered by defendant. Plaintiff's occupation is the operating of a backhoe for trench work which requires "an awful lot of kneeling down" and he stated that when he worked after the accident "the leg would be all swollen". It is hornbook law that a trial judge should not "set aside a verdict because he might have arrived at a different conclusion on the same evidence" *(Dashnau v City of Oswego,* 204 App Div 189, 192). We stated the recognized rule in *Rice v Ninacs* (34 AD2d 388, 390) that "we should not substitute our judgment on the issue of damages for that of the jury unless the amount is so excessive as to shock our consciences. (Cf. *Reich v. Evans,* 7 A D 2d 765; *Laranjo v. Malik,* 11 A D 2d 863; *Banks v. Begell,* 1 A D 2d 726, affd. 2 N Y 2d 736.)" (See, also *Mallo v Pembleton,* 38 AD2d 874, 875.) The uncontradicted evidence in this record of serious injury and permanence justified the jury's verdict and it should not be disturbed. (Appeal from order of Onondaga Supreme Court conditionally setting aside verdict in automobile negligence action.) Present—Marsh, P. J., Moule, Mahoney, Goldman and Witmer, JJ.