■ LEON J. FERRY, Respondent, v LUTHER MANUFACTURING COMPANY, INC., Appellant.—Judgment unanimously affirmed, with costs. Memorandum: Defendant manufactured a safety guard device which was affixed to a punch press machine owned by plaintiff's employer, Jamestown Malleable Iron Company. After plaintiff had been assigned for about three months to operate this machine, on January 18, 1966 it malfunctioned by "double tripping". When it did so, the safety guard failed to swing into place soon enough to remove plaintiff's hand from the press area; his left hand was caught in the press and was severely crushed and mutilated, resulting in the loss of the middle and fourth fingers and injury to the other fingers. Because of these injuries plaintiff was out of work recuperating for several months. He returned to work for the same employer, but because of his injured left hand he was assigned to uninteresting, clean-up work, including pushing a broom. After 18 months of this type of work, with no apparent opportunity for advancement, plaintiff left that job and obtained employment with an elevator manufacturing company. Because of the partial disability resulting from his hand injury, he was soon forced to find other work. He eventually found employment as manager of an apartment complex; but after about a year and a half he lost that job when the apartment complex was sold. From that time until the trial in March, 1976 he was unable to find other employment, although he continually sought it. There was evidence that his injury caused him embarrassment and adversely affected him physically and psychologically. Upon the trial plaintiff's expert testified that the safety guard was not as well designed as it could and should have been; that an accident such as plaintiff sustained was reasonably foreseeable in the use of this guard; and that a change of design was practical, which, if employed, would have prevented plaintiff's injury. Defendant's expert testified that it was impractical to design a guard which would afford more protection to the operator of the machine and yet permit efficient operation of the machine; and defendant argued that the court should have found as a matter of law that defendant was not chargeable with any negligence therein. We find that there was a question of fact for the jury as to whether defendant was negligent in the manufacture and marketing of this guard, so designed for a machine of this character (see *Micallef v Miehle Co., Div. of Miehle-Goss Dexter,* 39 NY2d 376, 384–387). Defendant also contends that plaintiff failed to mitigate damages, and that the verdict of $62,000 for pain and suffering and permanent injury, in addition to the $1,385 allowed for his special damage, was excessive. The evidence that plaintiff continued to work for his former employer until it was apparent that that employer had no meaningful work for him, and that he tried other more challenging work and, eventually, despite his conscien-

tious efforts, found himself without employment, supports the jury's implied finding that plaintiff was not chargeable for his loss of earnings. Considering the extent of plaintiff's injuries, we do not find that the court erred in denying the motion to set aside the verdict on the ground that it was excessive (see *Staiano v Cronk,* 51 AD2d 649; *Meyerson v Niagara Mach. & Tool Works,* 33 AD2d 1039). (Appeal from judgment of Cattaraugus Supreme Court—negligence.) Present—Marsh, P. J., Simons, Dillon, Goldman and Witmer, JJ.